UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:18-cr-140 |
| v. | ) | Judge Greer |
| | ) | |
| PETER BOLOS, et al. | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION TO QUASH SUBPOENA
## AND FOR MISCELLANEOUS RELIEF TO ENSURE DEFENDANT'S
## COMPLIANCE WITH RULE 17

On November 1, 2021, Bolos served a subpoena on Express Scripts, Inc., a third party,

seeking "[a]ll documents relating to the Bolos Case" sent to or by the government and "[a]ll

documents on any Device . . . that contains information relating to the Bolos Case."  (Exhibit 1 at

7-8.)  Although the subpoena itself directs Express Scripts to return documents on November 15,

2021, the accompanying cover letter invites Express Scripts to produce documents "prior to that

date."  (*Id.* at 3.)  The United States moves to quash the subpoena because (1) Bolos failed to

seek prior authorization from this Court, and (2) the subpoena does not seek specific admissible

evidence but instead "constitutes a broad 'fishing expedition' which seeks to use Rule 17(c) as a

means for obtaining additional discovery."  *United States v. Hughes*, No. 3:05-cr-148, 2007 WL

896157, at *1 (E.D. Tenn. March 22, 2007).  The United States further requests an order

directing Bolos to produce for review by the Court and the government any similar subpoenas

served on third parties.

1.      **The subpoena was not authorized by this Court, does not seek specific admissible
        evidence, and should be quashed.**

Federal Rule of Criminal Procedure 17(c) "implements a criminal defendant's

constitutional right 'to have compulsory process for obtaining witnesses in his favor' by

providing a means to subpoena witnesses and documents for a trial or a hearing." *United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013). The rule permits a defendant to "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." *Id.* (quoting Fed. R. Crim. P. 17(c)(1)). "In its discretion, '[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence.'" *Id.* "And when the subpoenaed items arrive, 'the court may permit the parties and their attorneys to inspect all or part of them.'" *Id.* Still, Rule 17(c) "is not meant to provide an additional way to secure pretrial discovery," and the rule "enables the court to 'quash or modify the subpoena if compliance would be unreasonable or oppressive.'" *Id.* at 493-94 (quoting Fed. R. Crim. P. 17(c)(2)).

Rule 17(c) "commits the task of supervising subpoenas to the sound discretion" of the district courts, which must "determine the appropriate mechanisms for exercising oversight as they see fit." *Id.* at 499. This Court has addressed those oversight mechanisms in *United States v. Al-Amin*, No. 1:12-cr-50, 2013 WL 3865079 (E.D. Tenn. July 25, 2013) (Collier, J.). If the documents to be subpoenaed are to be produced at a hearing or at trial, operation of Rule 17(c) is straightforward: "The person subpoenaed appears as ordered at the hearing or trial and provides testimony or delivers the documents, records, or other objects." *Id.* at *3. "Whether the documents, records, or other objects are relevant and admissible is also determined at that time." *Id.* But things are more complicated if the subpoena seeks production of documents before they are to be offered into evidence. *See id.* In that context, there are "four distinct requirements necessary to obtain documents, records, or other objects." *Id.* "First, the Court must authorize the issuance of the subpoena prior to its issuance." *Id.* "Second, the records must be returned to the Court, not the parties." *Id.* at *4. "Third, the records are maintained by the Court, not the

parties." *Id.* "It is an abuse of Rule 17(c) for parties or their attorneys to obtain such records or objects from subpoenaed persons and to retain the records or objects prior to their return to the Court." *Id.* "Fourth, the records must be admissible in evidence." *Id.*

Those rules apply here because Bolos's subpoena seeks to obtain documents before they are offered for admission into evidence. Although the subpoena itself directs Express Scripts to return the requested documents to Courtroom 420 on November 15, 2021, the accompanying cover letter invites Express Scripts to produce the documents "prior to that date." (Exhibit 1 at 3-4.) The cover letter also indicates that if Express Scripts does produce the documents early, the custodian of records "may not be required to testify at trial:"

October 29, 2021

Express Scripts, Inc.
300 Montvue Rd.
Knoxville, TN 37919

> Re:  *United States of America v. Andrew Assad et al*
>      United States District Court, Case No. 2:18-CR-140

Dear Custodian of Records:

On behalf of my client, Peter Bolos, please see the enclosed subpoena in the above-mentioned matter in the United States District Court for the Eastern District of Tennessee, Greeneville Division. This subpoena requires you to produce documents and communications in relation to this case by November 15, 2021 and to testify at a trial that is starting on the same day. If you produce your responsive documents and communications prior to that date, it is possible you may not be required to testify at trial. For any questions related to this subpoena, please feel free to call or email me.

Very Truly Yours,

Mark E. Schamel

3

(*Id.* at 3.)  And the schedule of requested documents attached to the subpoena commands

Express Scripts to produce the documents "pursuant to Federal Rule of Criminal Procedure 17 …

to the attorney and address identified in the Subpoena:"

## SCHEDULE A

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Criminal Procedure 17, you are commanded to produce copies of the Documents requested in the below Request for Production of Documents (the "Request") to the attorney and address identified in the Subpoena to which this Schedule A is attached.

(*Id.* at 6.)  The only attorney identified in the subpoena is Mark Schamel, counsel for the defense:

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ Defendant _____
Peter Bolos _____ , who requests this subpoena, are:

Mark E. Schamel, Esq.
2200 Pennsylvania Ave., Suite 500E
Washington, DC 20037
mschamel@lowenstein.com
(202) 841-3401

(*Id.* at 4.)  In short, Bolos' subpoena anticipates, and the cover letter further facilitates, that

responsive documents will *not* be returned in open court.

Yet the subpoena meets none of the *Al-Amin* requirements.  *See Al-Amin*, 2013 WL

3865079, at *3-4.  For starters, it was not authorized by this Court.  It also invites Express Scripts

to produce documents to defense counsel anytime before November 15, 2021, which means the

requested documents will be neither returned to nor maintained by this Court.  And the requested

documents—which, again, comprise "[a]ll documents relating to the Bolos Case" sent to or by

the government and "[a]ll documents on any Device . . . that contains information relating to the

Bolos Case" (Exhibit 1 at 7-8)—do not "meet the standards of admissibility that apply at a trial

or hearing."  *Al-Amin*, 2013 WL 3865079, at *4.  Such a broad tranche of documents is neither

"intended for introduction" nor "capable of being introduced."  *Id.*  The subpoena therefore amounts to "an abuse of Rule 17(c)."  *Id.*

That would be true even if the *Al-Amin* rules did not apply.  "To contain the danger that criminal defendants might misuse Rule 17(c) to expand the scope of discovery, the Court in *United States v. Nixon* held that a defendant could subpoena materials using a Rule 17(c) subpoena only if four conditions are met."  *Llanez-Garcia*, 735 F.3d at 493 (citing *Nixon*, 418 U.S. 683, 699 (1974).)  "First the items must be evidentiary and relevant."  *Id.*  "Second, the items may not be otherwise procurable through due diligence prior to trial."  *Id.*  "Third, the requesting party must be unable to properly prepare for trial without such pre-trial production and inspection."  *Id.*  "And, finally, the application must be made in good faith and not amount to a 'fishing expedition.'"  *Id.*  The Supreme Court summarized these elements as three hurdles that must be cleared: relevancy, admissibility, and specificity.  *Nixon*, 418 U.S. at 700.

By seeking all documents in any way "relating to"[1] this case, the subpoena necessarily seeks documents that are irrelevant, inadmissible, and that have not been specifically identified. "As a general rule, requests for 'any and all documents' are emblematic of a discovery request or of a fishing expedition."  *United States v. Shanahan*, 252 F.R.D. 536, 541 (E.D. Mo. 2008); *accord, e.g.*, *United States v. Venecia*, No. 96-449-FR, 1997 WL 325328, at *3 (D. Or. May 16, 1997) ("Requesting entire files instead of specific documents indicates a fishing expedition."). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a

---

[1] The subpoena defines "relating to" as "mentioning, pertaining to, concerning, recording, summarizing, embodying, constituting, reflecting, digesting, referring to, commenting upon, describing, reporting, listing, analyzing, studying, otherwise discussing in any way."  (Exhibit 1 at 7.)

sure sign that the subpoena is being misused." *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991). "Rule 17 exists to secure evidence, not as a means to search for evidence," and a "failure of particularity strongly suggests [an impermissible] desire to use Rule 17 for discovery." *United States v. Peavler*, No. 3:15-cr-14-GFVT-REW, 2017 WL 1018304, at \*3 n.3 (E.D. Ky. March 10, 2017). The subpoena here constitutes the type of "overbroad and generic request" that "presents the danger of an improper fishing expedition." *Id.* "Such overbreadth is a stand-alone basis to quash." *Id.* at \*3.

Because Bolos's subpoena complies with neither the *Al-Amin* rules applicable to Rule 17(c) subpoenas seeking advance production of documents nor the *Nixon* rules applicable to all Rule 17(c) subpoenas, it should be quashed. *See United States v. Vasquez*, 258 F.R.D. 68, 71–72 (E.D.N.Y. 2009) (government had standing to move to quash third-party subpoena because the government has a legitimate interest in preventing misuse of Rule 17(c)). In the alternative, the Court could construe Bolos's purported subpoena as an *ex parte* motion for authorization to issue such a subpoena, in which case that motion should be denied. *See United States v. Tutt*, No. 13-cr-20396, 2013 WL 4803486, at \*2 (E.D. Mich. Sept. 9, 2013) (denying *ex parte* motion without prejudice to re-file, "so that the Government receives the notice to which it is entitled") (internal citations omitted).

**2.       Bolos should be directed to identify any similar subpoenas served on third parties.**

As discussed above, it is an abuse of Rule 17(c) for a defendant to obtain records pursuant to a purported subpoena and to retain the records prior to their return to the Court. *Al-Amin*, 2013 WL 3865079, at \*3. To prevent such abuse, Bolos should be directed to identify and produce any similar subpoenas served on third parties in this case, so that the Court and the government may review and take appropriate action.

6

The United States respectfully requests an appropriate order from the Court quashing

Bolos's subpoena to Express Scripts and directing Bolos to identify and produce any similar

subpoenas served on third parties in this case.

Respectfully submitted,

Francis M. Hamilton III
Acting United States Attorney


By:     *s/ Timothy C. Harker*
        Timothy C. Harker, NY Bar 4582177
        Assistant United States Attorney
        800 Market Street, Suite 211
        Knoxville, TN 37902
        865-545-4167
        Timothy.Harker@usdoj.gov


By:     *s/ Mac D. Heavener, III*
        Mac D. Heavener, III, FL Bar#0896748
        Assistant United States Attorney
        220 West Depot Street
        Greeneville, TN 37743
        423/639-6759
        Mac.Heavener@usdoj.gov


By:     *s/ David L. Gunn*
        David L. Gunn, DC Bar #488761
        Trial Attorney, Department of Justice
        Consumer Protection Branch
        450 5th Street, NW
        Washington, DC 20001
        (202) 532-4882
        David.L.Gunn@usdoj.gov

7