UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | Case No. 2:18-CR-140-JRG-CRW |
| ) | |
| vs. ) | |
| ) | |
| PETER BOLOS, ) | |
| ) | |
| Defendant ) | |

**<u>NON-PARTY EXPRESS SCRIPTS, INC.'S MOTION TO QUASH SUBPOENA</u>**

On November 1, 2021, Express Scripts Inc.'s ("Express Scripts") received a trial subpoena for "Express Scripts, Inc. Custodian of Records" to appear and testify at trial with "[a]ll documents relating to the Bolos Case" sent to or by the government and "[a]ll documents on any Device . . . that contains information relating to the Bolos Case." (Doc. No. 555-1, Exhibit 1 at 7-8.) The Government filed a motion to quash on November 6, 2021. (Doc. No. 554.) On November 11, 2021, Defendant Peter Bolos ("Bolos") filed an opposition to the Government's motion to quash. (Doc. No. 589.) Express Scripts joins and incorporates in its entirety the Government's motion to quash (Doc. No. 554) and asserts the following additional arguments.

**Argument**

Bolos' primary argument is that the Government lacks standing to quash the subpoena because the documents belong to Express Scripts, and not the Government. As a threshold matter, Bolos' request seeks all Government documents relating to the Bolos case. While Express Scripts may have possession of certain documents by virtue of their production or receipt, the clear goal of the subpoena is an end-run attempt to obtain from Express Scripts what

it otherwise likely could not obtain from the Government. To the extent case records are subject to production requirements, presumably the Government has or will make those available. Moreover, certain documents included in the broad net cast by Bolos include records that are subject to other production restrictions, including confidential patient records, and records relating to the Department of Defense. Express Scripts cannot release such records to private parties without necessary protections in place, including permission from the Department of Defense; an impossible task given the extremely short time allowed for compliance and production under Bolos' subpoena. Finally, any issue of standing—to the extent there were one—is mooted by Express Scripts' joinder in the Government's motion to quash.

In addition to the issues raised in the Government's motion, the subpoena is invalid for another critical reason. Bolos makes much of the argument that it has issued a subpoena for testimony and production at trial, and not pre-trial subpoena. According to Bolos, this is a critical distinction "with a difference." But Bolos has not, in fact, subpoenaed any "person" to testify at trial. Rather, Bolos subpoenaed "Express Scripts, Inc. Custodian of Records." This is not a request for a person to testify, nor was it served on any individual—it was served on a corporation. Bolos provides no authority for the proposition that a criminal subpoena that seeks trial testimony and fails to identify the person whose testimony is sought is in anyway valid, and Express Scripts is aware of none. Rather, a subpoena for testimony at trial must identify a person as a witness who is actually capable of providing such testimony at trial.

Finally, in the event the Court permits this trial subpoena to go forward in whole or in part, Express Scripts requests reasonable time for compliance. Most critically, if Express Scripts is being asked to produce a witness and produce Department of Defense records, such production will need to be coordinated with the Department of Defense. For all health records, an

appropriate HIPAA compliant protective order will need to be in place to protect the disclosure of protected health information, as required by federal law. And even then production must be limited to the extent necessary for this case.

For all of the foregoing reasons, Express Scripts respectfully requests that the Court quash the subpoena as issued by Bolos.

Dated: November 12, 2021

/s/ *Ariel Anthony*
Ariel Anthony, TN Bar No. 034125
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
(423) 755-2669
(423) 266-5499 (fax)
ariel.anthony@huschblackwell.com

Christopher A. Smith (pro hac vice forthcomng)
MO State Bar No. 53266
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314.480.1500

*Attorneys for Express Scripts Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded on November 12, 2021, by operation of the Court's ECF electronic filing system to all parties.

/s/*Ariel Anthony*