UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No.: 2:18-CR-140-JRG-CRW |
| vs. | ) |
| | ) |
| PETER BOLOS, | ) |
| | ) |
| Defendant. | ) |

**Non-Party Howard Seidman's Motion to Quash Subpoena**

Non-Party Howard Seidman, who lives near Philadelphia, Pennsylvania, hereby moves for an order quashing a subpoena served on him by Defendant Bolos calling for testimony and documents, because compliance with the subpoena would be unreasonable and oppressive.

On November 2, 2021, Mr. Bolos served Mr. Seidman with a subpoena to testify and produce documents on November 1st. The subpoena commanded the production, among other things, of "[a]ll Documents on any Device in your possession that contains information relating to the Bolos Case," as well as "[a]ll Documents and communications on any Device in your possession that contain[s] information about any Co-Defendants related to the Bolos Case." The cover letter for the subpoena stated that if Mr. Seidman produced his responsive documents before November 1st, his testimony at trial "may not be required." And the document-request schedule with the subpoena, Schedule A, directed Mr. Seidman to produce documents, not to the Court, but to Mr. Bolos' counsel. A copy of the subpoena and cover letter is attached as **Exhibit A**.

On November 3rd, counsel for Mr. Seidman discussed the subpoena with counsel for Mr. Bolos. Counsel for Seidman explained that the subpoena was overbroad and unduly burdensome, especially since it was served on him after its compliance date. Mr. Seidman's counsel also pointed

1

out that it was improper for Mr. Bolos to serve a Rule 17 subpoena that commanded documents to be produced not in court but to Mr. Bolos' counsel. Based on the discussion, Mr. Seidman's counsel understood that Mr. Bolos did not intend to enforce the subpoena, i.e., that in effect the subpoena had been withdrawn. Later that same day, Mr. Seidman's counsel followed up with an email to Mr. Bolos' counsel confirming the understanding of Mr. Seidman's counsel that the subpoena was invalid and that it was not being enforced.

Almost two weeks passed with no word from Mr. Bolos' counsel. This past Sunday, however, Mr. Bolos' counsel emailed an "amended" document-request schedule for the subpoena. And in a conversation yesterday (Monday, November 15th), Mr. Bolos' counsel informed Mr. Seidman's counsel that they expect Mr. Seidman to testify on Monday or Tuesday, November 22nd or 23rd, the week of Thanksgiving.

The "amended" Schedule A calls for the production, among other things, of "all" emails or other communications between Mr. Seidman and Scott Roix, "relating to Synergy or Precision," and all emails or communications between Mr. Seidman and Mr. Roix "relating to the criminal investigation, and charges of conspiracy to commit healthcare fraud, mail fraud, and introducing misbranded drugs into interstate commerce, in the Bolos case." The date range for the documents requests is from "July 1, 2017 to present." A copy of the "amended" Schedule A is attached as **Exhibit B**.

Mr. Seidman respectfully requests that the subpoena, to the extent it is still in effect, be quashed. A Rule 17 subpoena calling for the production of documents may be quashed "if compliance would be unreasonable or oppressive." Fed. R. Civ. P. 17(c)(2). Subpoenas for testimony may also be quashed. "Although Rule 17(a) does not prescribe a procedure for quashing witness subpoenas, 'courts routinely have entertained motions seeking such relief and decided

2

them by reference to comparable principles.'" *United States v. Santistevan*, No. 11-cr-00406-CMA, 2012 U.S. Dist. LEXIS 97344, at *2-3 (D. Colo. July 12, 2012). Compliance with the subpoena to Mr. Seidman would be unreasonable and oppressive.

First, as served, the subpoena not only lacked specificity but also commanded documents to be produced to counsel, not the Court. A subpoena like that is not authorized by Rule 17. Under Rule 17, a subpoena may order documents to be produced "in court." *See* Fed. R. Crim. P. 17(c)(1). The subpoena served on Mr. Seidman is thus facially invalid.

Second, the subpoena was served on Mr. Seidman *after* the date for which it commanded his appearance. Mr. Bolos counsel has known for years about Mr. Seidman's involvement with HealthRight and did not have to wait until trial to seek to subpoena documents from him.

Third, Mr. Seidman has not been afforded reasonable time to search for and produce communications responsive to the subpoena. The amended document requests were provided to his counsel two days ago, this past Sunday; counsel for Bolos has indicated it wants responsive documents to be produced as early as Monday, November 22nd, essentially one week after sending the requests. As noted, the date range of the subpoena is from "July 1, 2017 to present." One week is not a reasonable period to review years of communications for responsiveness and privilege. To efficiently review text messages, for example, they first need to be extracted from a phone, and that process alone can take a few days.

Fourth, it would be unreasonable and unduly burdensome for Mr. Seidman, who lives in the Philadelphia area, to travel to Tennessee during the week of Thanksgiving, especially on such short notice.

Accordingly, Mr. Seidman respectfully requests that an order be entered quashing the subpoena issued by Mr. Bolos to Mr. Seidman.

3

Respectfully submitted this 16th day of November, 2021.

                                                s/James R. Stovall
                                                James R. Stovall, BPR # 032512
                                                RITCHIE, DAVIES, JOHNSON &
                                                        STOVALL, P.C.
                                                606 W. Main Street, Suite 300
                                                Knoxville, TN  37902
                                                (865) 637-0661
                                                (865) 524-4623 (facsimile)
                                                jstovall@rdjs.law
                                                *Counsel for Howard Seidman*