**Form 1A**

**Notice of Appeal to a Court of Appeals From a
Judgment of a District Court**

United States District Court for the <u>Eastern</u>
District of <u>Tennessee</u>
Docket Number <u>2:18-cr-140</u>

United States of America
, Plaintiff
v.
**Peter Bolos**
, Defendant

Notice of Appeal

<u>Peter Bolos</u> (name all parties taking the appeal)* appeal
to the United States Court of Appeals for the <u>6th</u> Circuit
from the final judgment entered on <u>5/16/2022</u> (state the date
the judgment was entered).

(s) <u>NA</u>
*Attorney for* <u>NA</u>
*Address*: <u>NA</u>

[***Note to inmate filers:*** *If you are an inmate confined in an
institution and you seek the timing benefit of Fed. R. App. P.
4(c)(1), complete Form 7 (Declaration of Inmate Filing) and
file that declaration with this Notice of Appeal.*]

_____

* See Rule 3(c) for permissible ways of identifying appellants.

# Durable Power of Attorney
# of
# PETER RIFAT BOLOS

I, PETER RIFAT BOLOS, a resident of the State of Florida, am creating a Durable Power of Attorney intended to comply with the Florida Power of Attorney Act (part II of Chapter 709, Florida Statutes) as amended from time to time. I hereby revoke all powers of attorney previously granted by me as Principal and terminate all agency relationships created by me except:

> powers granted by me under any Designation of Health Care Surrogate, Living Will, Living Will Designation, Health Care Power of Attorney, or Authorization for Release of Protected Health Information;

> powers granted by me on forms provided by financial institutions granting the right to write checks on, deposit funds to, and withdraw funds from accounts to which I am a signatory; and

> powers granting access to a safe-deposit box.

# Article One
# Appointment of Power of Attorney

### Section 1.01    Initial Power of Attorney

I appoint my wife, MERIAM EZZAT BOLOS to serve as my Power of Attorney.

### Section 1.02    Successor Power of Attorney

If MERIAM EZZAT BOLOS fails to serve, I appoint the following persons to serve as successor Power of Attorney, in the order named:

> JOHN BOLOS, my brother, First Alternate

> RIFAT BOLOS, my father, Second Alternate

If a successor Power of Attorney fails to serve as my Power of Attorney, I appoint the next successor Power of Attorney named above to serve as my Power of Attorney.

### Section 1.03    Authority to Delegate

Any serving Power of Attorney may delegate, in writing, any of the Power of Attorney's authority to any other Power of Attorney who I have designated in this Durable Power of Attorney to serve with the delegating Power of Attorney or as a successor Power of Attorney. The serving Power of Attorney making a delegation under this provision may revoke the delegation at any time.

Durable Power of Attorney of PETER RIFAT BOLOS

Page 1

JAN S. GIOVINCO, P.A., 611 WEST BAY STREET, STE. 2B, TAMPA, FLORIDA, 33606 | (813) 505-5477
Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 2 of 34   PageID #:
14817

### Section 1.04  Spouse as Power of Attorney

My spouse may not serve as my Power of Attorney if we are legally separated. If a named Power of Attorney was my spouse at the time of execution of this Durable Power of Attorney or became my spouse after the time of the execution and an action is filed for the dissolution or annulment of my marriage to the Power of Attorney or for our legal separation, then that named Power of Attorney may not serve. But if I named a former spouse at the time of execution, my former spouse may serve as my Power of Attorney.

### Section 1.05  Self-Dealing by Spouse or Descendant

My spouse or descendant who is serving as my Power of Attorney may engage in acts of self-dealing, even if state law restricts acts of self-dealing. Unless expressly prohibited by another provision of this Durable Power of Attorney, the Power of Attorney may enter into and profit from transactions on my behalf in which my Power of Attorney is personally interested, so long as the terms of the transaction are fair to me. For example, the Power of Attorney may purchase property from me at its fair market value without court approval.

### Section 1.06  Prior or Joint Power of Attorney Unable to Act

A successor Power of Attorney or an Power of Attorney serving jointly with another Power of Attorney may establish that the acting Power of Attorney or joint Power of Attorney has resigned, died, become incapacitated, is no longer qualified to serve, or declined or otherwise failed to serve as Power of Attorney by signing an affidavit to that effect. The affidavit may be supported by a death certificate of the Power of Attorney, a certificate showing that a guardian or conservator has been appointed for the Power of Attorney, a letter from a physician stating that the Power of Attorney is incapable of managing his or her own affairs, or a letter from the Power of Attorney stating his or her unwillingness to act or delegating his or her power to the successor Power of Attorney. If the Power of Attorney designated in the written declaration objects, in writing, to termination of their authority within 10 days of receiving the declaration of incapacity, a written opinion of incapacity signed by a physician who has examined the incapacitated Power of Attorney must be obtained before the authority of the Power of Attorney will be terminated. The Power of Attorney objecting to the termination of authority must sign the necessary medical releases needed to obtain the physician's written opinion of incapacity or the authority of said Power of Attorney will be terminated without the physician's written opinion.

# Article Two
# Effectiveness of Appointment - Durability Provision

### Section 2.01  Effectiveness

The authority granted to my Power of Attorney under this Durable Power of Attorney will be effective immediately upon signing.

Case 2:18-cr-00140-JRG-CRW Document 910 Filed 06/14/22 Page 3 of 34 PageID #: 14818

## Section 2.02    Durability

This Durable Power of Attorney is not terminated by lapse of time or my subsequent incapacity, except as provided in Section 709.2109, Florida Statutes.

## Section 2.03    Termination of Durable Power of Attorney

This Durable Power of Attorney will expire at the earlier of:

> divorce or annulment of my marriage if my spouse is named as the as Power of Attorney and I have made no provision for the naming of a successor Power of Attorney;

> adjudication that I am totally or partially incapacitated by a court, unless the court determines that certain authority granted by this Durable Power of Attorney is to be exercisable by my Power of Attorney;

> my death (except for post-death matters allowed under state law); or

> my revocation of this Durable Power of Attorney.

## Section 2.04    Suspension of Power of Attorney's Authority

If any person initiates judicial proceedings to determine my incapacity or for the appointment of a guardian advocate, the authority granted under this Durable Power of Attorney is suspended until the petition is dismissed or withdrawn or the court enters an order authorizing my Power of Attorney to exercise one or more powers granted under this Durable Power of Attorney.

# Article Three
# General Powers

I grant my Power of Attorney the powers described in this Article so that my Agent may act on my behalf.  In addition, my Power of Attorney may do everything necessary to exercise the powers listed below.

## Section 3.01    Real and Personal Property Sales and Purchases

Unless specifically limited by the other provisions of this Durable Power of Attorney, my Power of Attorney may:

> sell any interest I own in any kind of property, real or personal, including homestead property under Florida law or the laws of any other state, and determine the terms of sale and grant options with regard to sales;

> dispose of sales proceeds on my behalf as my Power of Attorney determines is appropriate;

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 4 of 34   PageID #: 14819

buy any kind of property, real or personal, including homestead property under Florida law or the laws of any other state, and determine the terms for buying property and may obtain options to buy property;

arrange to insure purchased property, and otherwise arrange for its safekeeping;

borrow money for the purposes described in this Section and to secure the loan in any manner my Power of Attorney determines is appropriate, and repay the loan from my funds;

pay for any purchases made; and

repay any cash advanced from my credit cards.

## Section 3.02     Real Property Management

My Power of Attorney may manage any real property I now own or may acquire, including my personal residence and homestead property under Florida law or any other state's laws. Unless specifically limited by a provision of this Durable Power of Attorney, my Power of Attorney may:

declare, create, or execute a homestead on my personal residence under Florida law or any other state's laws; and terminate, abandon, release, or give a waiver on any interest I have in a homestead;

lease and sublease property for any period, and grant options to lease or subdivide property, even if the term of the lease, sublease, or option extends beyond the term of this Durable Power of Attorney;

eject and remove tenants or other persons from property, and recover the property by all lawful means;

collect and sue for rents;

pay, compromise, or contest tax assessments and apply for tax assessment refunds;

subdivide, partition, develop, dedicate property to public use without consideration, or grant or release easements over my real property;

maintain, protect, repair, preserve, insure, build upon, improve, demolish, abandon, and alter all or any part of my real property;

employ laborers;

obtain or vacate plats and adjust boundaries;

adjust differences in the property's value on exchange or partition by giving or receiving consideration;

release or partially release real property from a lien;

enter into any contracts, covenants, and warranty agreements regarding my real property that my Power of Attorney considers appropriate; and

encumber property, including homestead property under Florida law or the laws of any other state, by mortgage or deed of trust.

## Section 3.03    Homestead Property Limitation

In accordance with Section 709.2201(2)(b), Florida Statutes, unless there is waiver, consent or other valid and binding pre- or post-nuptial agreement in place, my Power of Attorney may not mortgage or convey homestead property without joinder of my spouse or my spouse's guardian. Joinder by my spouse may be accomplished by the exercise of authority in a power of attorney executed by my spouse, and either my spouse or I may appoint the other as his or her Power of Attorney.

## Section 3.04    Tangible Personal Property Management

My Power of Attorney may manage any tangible personal property I now own or may acquire. Unless specifically limited by the other provisions of this Durable Power of Attorney, my Power of Attorney may:

> lease and sublease property for any period and grant options to lease or subdivide property, even if the term of the lease, sublease, or option extends beyond the term of this Durable Power of Attorney;
>
> recover my property by all lawful means;
>
> collect and sue for rents;
>
> pay, compromise, or contest tax assessments and apply for tax assessment refunds;
>
> maintain, protect, repair, preserve, insure, improve, destroy, and abandon all or any part of my property; and
>
> grant security interests in my property.

My Power of Attorney may accept tangible personal property as a gift or as security for a loan.

## Section 3.05    Residence and Tangible Personal Property

Without limiting any other authority granted in this Durable Power of Attorney and notwithstanding my "intent to return home" as stated in Section 4.12, if my Power of Attorney determines that I will never be able to return to my residence from a hospital, hospice, nursing home, convalescent home, or similar facility, my Power of Attorney may sell, lease, sublease, or assign my interest in my residence on terms and conditions that my Power of Attorney considers appropriate,

If items of tangible personal property remain in my residence, my Power of Attorney may:

> store and safeguard any items, and pay all storage costs;
>
> sell any items that my Power of Attorney believes I will never need again on terms and conditions that my Power of Attorney considers appropriate; or

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 6 of 34   PageID #: 14821

transfer custody and possession of any item to the person named in my estate planning documents as the person to receive that item upon my death.

## Section 3.06    Bank Accounts and Banking Transactions

My Power of Attorney has authority to conduct banking transactions as provided in Section 709.2208(1), Florida Statutes. Without limiting this authority, my Power of Attorney may:

establish, continue, modify, or terminate an account or other banking arrangement with a financial institution;

contract for services available from a financial institution, including renting a safe-deposit box or space in a vault;

withdraw, by check, order, electronic funds transfer, or otherwise, money or property of the principal deposited with or left in the custody of a financial institution;

receive statements of account, vouchers, notices, and similar documents from a financial institution and act with respect to them;

purchase cashier's checks, official checks, counter checks, bank drafts, money orders, and similar instruments;

endorse and negotiate checks, cashier's checks, official checks, drafts, and other negotiable paper of the principal or payable to the principal or the principal's order, transfer money, receive the cash or other proceeds of those transactions, and accept a draft drawn by a person upon the principal and pay it when due;

apply for, receive, and use debit cards, electronic transaction authorizations, and traveler's checks from a financial institution;

use, charge, or draw upon any line of credit, credit card, or other credit established by the principal with a financial institution;

consent to an extension of the time of payment with respect to commercial paper or a financial transaction with a financial institution;

establish, cancel, or continue to access online accounts (through the Internet or other similar method) be they online only or traditional accounts with online accessibility and conduct online banking transactions of any kind as authorized in this Section;

make deposits to and grant security interests in an account existing in my name or established by my Power of Attorney on my behalf; and

execute any agency or power of attorney forms furnished by a bank with respect to accounts with the bank that appoints the bank as my Power of Attorney.

In exercising the authority provided in this Section, whether my Power of Attorney or I established the account is immaterial; however, these powers do not apply to accounts established by me in a fiduciary capacity.

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 7 of 34   PageID #: 14822

If more than one Power of Attorney is serving concurrently under this Durable Power of Attorney, any one of them may exercise the powers provided for in this Section.

## Section 3.07    Investments and Investment Transactions

My Power of Attorney has authority to conduct investment transactions as provided in Section 709.2208(2), Florida Statutes. Without limiting this authority, my Power of Attorney may:

> buy, sell, and exchange investment instruments;

> establish, continue, modify, or terminate an account with respect to investment instruments;

> pledge investment instruments as security to borrow, pay, renew, or extend the time of payment of a debt of the principal;

> receive certificates and other evidences of ownership with respect to investment instruments;

> exercise voting rights with respect to investment instruments in person or by proxy, enter into voting trusts, and consent to limitations on the right to vote;

> sell commodity futures contracts and call and put options on stocks and stock indexes;

> execute stock powers or similar documents on my behalf and delegate to a transfer agent or similar person the authority to register any stocks, bonds, or other investment instruments into or out of my name or nominee's name in accordance with Section 709.2201(2)(a), Florida Statutes;

> access, establish, cancel, or continue online accounts (through the Internet or other similar method) and conduct online investment transactions of any kind as authorized in this Section;

> invest and reinvest all or any part of my property in any other property of whatever type, real or personal, tangible or intangible, and whether located inside or outside the geographic borders of the United States and its possession or territories;

> hold investment instruments in bearer or uncertified form and use a central depository, clearing agency, or book-entry system such as The Depository Trust Company, Euroclear, or the Federal Reserve Bank of New York;

> place all or any part of my investment instruments in the custody of a bank or trust company or in the name of its nominee;

> participate in common, collective, or pooled trust funds or annuity contracts;

> participate in any reorganization, recapitalization, merger, or similar transaction;

> exercise any subscription rights, option rights (whether or not qualified under the Internal Revenue Code), or other rights to which I am entitled now or in the future,

JANIS GIOVINCO, P.A. 411 WEST BAY STREET, SUITE 220 TAMPA, FLORIDA 33606 (813) 505-5473

or to sell and dispose of these rights, and, if required, to sign my name to rights, warrants, or other similar instruments;

use an account with respect to investment instruments to make short sales and to buy on margin, and pledge any investment instruments held or purchased in an account as security for loans and advances made to the account;

establish and terminate agency accounts with corporate fiduciaries; and

employ and terminate financial and investment advisors.

For purposes of this Section, the term *investment instruments* means stocks, bonds, mutual funds, and all other types of securities and financial instruments, whether held directly, indirectly, or in any other manner, including:

shares or interests in a private investment fund, including, but not limited to, a private investment fund organized as a limited partnership, a limited liability company, a statutory or common law business trust, a statutory trust, or a real estate investment trust, joint venture, or any other general or limited partnership;

derivatives or other interests of any nature in securities such as options, options on futures, and variable forward contracts;

mutual funds;

common trust funds;

money market funds;

hedge funds;

private equity or venture capital funds;

insurance contracts; and

other entities or vehicles investing in securities or interests in securities whether registered or otherwise, except commodity futures contracts and call and put options on stocks and stock indexes.

## Section 3.08    Business Operations

My Power of Attorney may continue operating and managing any business in which I now or later own an interest for the period and in any manner my Power of Attorney considers appropriate. Unless specifically limited by the other provisions of this Durable Power of Attorney, my Power of Attorney may:

act as a director, general or limited partner, or associate or officer of the business;

select and vote for directors, partners, associates, and officers of the business and enter into owners' agreements with other owners of any business in which I have an interest;

Case 2:18-cr-00140-JRG-CRW Document 910 Filed 06/14/22 Page 9 of 34 PageID #: 14824

execute agreements and amendments to agreements necessary to the operation of the business including stockholder agreements, partnership agreements, buy-sell agreements, and operating agreements for limited liability companies;

hire and terminate employees;

pay employees' salaries and provide for employee benefits;

employ legal, accounting, financial, and other consultants;

continue, modify, terminate, renegotiate, and extend any contracts with any person, firm, association, or corporation;

execute business tax returns and other government forms required for my business;

pay all business related expenses;

transact business for me in my name and on my behalf;

contribute additional capital to the business;

change the name or the form of the business;

incorporate the business;

enter into a partnership agreement with other persons;

join in a plan to reorganize or consolidate my business, or merge my business with any other business;

establish the value of the business under *buy-out* or *buy-sell* agreements to which I am a party;

create, continue, or terminate retirement plans for my business' employees and make contributions required by those plans;

advance money or other property to the business and make loans of cash or securities to the business as my Power of Attorney considers appropriate; and

borrow for the business and secure any loans with business assets or my personal assets.

My Power of Attorney may sell, liquidate, or close a business upon terms my Power of Attorney considers appropriate, including a sale in exchange for cash, a private annuity and an installment note, or any combination of those arrangements.

### Section 3.09    Partnership Interests

My Power of Attorney may manage any general, limited, or special partnership interest I own now or in the future. Unless specifically limited by a provision of this Durable Power of Attorney, my Power of Attorney may:

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 10 of 34   PageID #: 14825

exercise any right, power, privilege, or option I may have or may claim under any contract with the partnership;

modify or terminate my interest on terms and conditions my Power of Attorney considers appropriate;

enforce the terms of the partnership agreement for my protection by instituting or maintaining any action, proceeding, or otherwise as my Power of Attorney considers appropriate; and

defend, arbitrate, settle, or compromise any action or other legal proceeding to which I am a party because of my membership in the partnership.

## Section 3.10    Obligations

My Power of Attorney may collect all rights and benefits to which I am entitled now or in the future, including rights to cash payments, property, debts, accounts, legacies, bequests, devises, dividends, and annuities. In collecting my obligations, unless specifically limited by the other provisions of this Durable Power of Attorney, my Power of Attorney may demand, sue for, arbitrate, settle, compromise, receive, deposit, expend for my benefit, reinvest, or otherwise dispose of these matters as my Power of Attorney determines appropriate.

## Section 3.11    Legal Actions

My Power of Attorney may institute, supervise, prosecute, defend, intervene in, abandon, compromise, adjust, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial, or administrative hearings, actions, suits or proceedings involving me in any way. This authority includes claims by or against me arising out of property damage or personal injury suffered by or caused by me or under circumstances such that the resulting loss may be imposed on me. My Power of Attorney may otherwise engage in litigation involving me, my property, or my legal interests, including any property, interest or person for which or for whom I have or may have any responsibility.

## Section 3.12    Fiduciary Positions

My Power of Attorney may resign or renounce for me any fiduciary position I hold now or in the future including personal representative, trustee, guardian, attorney in fact, officer or director of a corporation, and any governmental or political office or position. In so doing, my Power of Attorney may file an accounting with the appropriate court of competent jurisdiction or settle based on a receipt, release or other appropriate method.

## Section 3.13    My Spouse

My Power of Attorney (including my spouse acting as my Power of Attorney) may deal with my spouse on my behalf. In dealing with my spouse, my Power of Attorney may partition, transfer, and exchange any of my marital property estate, whether separate or community property, between my spouse and me. My Power of Attorney may enter into and execute on my behalf marital property agreements, partition and exchange agreements,

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 11 of 34   PageID #: 14826

or community property agreements or may enforce, amend, or revoke any marital property agreement between my spouse and me, but only with respect to rights in and obligations with respect to property owned by my spouse, by me, or by both of us, and with respect to reclassification of management and control over our property

## Section 3.14    My Support

My Power of Attorney may do anything reasonably necessary to maintain my customary standard of living, including:

> maintain my residence by paying all operating costs, including interest on mortgages or deeds of trust, amortization payments, repairs and taxes, or by purchasing, leasing, or making other arrangement for a different residence;

> provide normal domestic help;

> provide clothing, transportation, medicine, food, and incidentals; and

> make all necessary arrangements, contractual or otherwise, for my care at any hospital, hospice, nursing home, convalescent home, or similar establishment, or in my own residence, should I desire it, and assure that all of my essential needs are met wherever I may be.

## Section 3.15    Support of Dependents

My Power of Attorney may make payments as my Power of Attorney deems necessary for the health, education, maintenance, or support of my spouse and those my Power of Attorney determines to be dependent on me for support.

## Section 3.16    Recreation and Travel

My Power of Attorney may allow me, at my expense, to engage in recreational and sports activities as my health permits, including travel.

## Section 3.17    Advance Funeral Arrangements

My Power of Attorney may make advance arrangements for my funeral and burial, including a burial plot, marker, and any other related arrangements that my Power of Attorney considers appropriate.

## Section 3.18    Memberships

My Power of Attorney may establish, cancel, continue, or initiate my membership in organizations and associations of all kinds.

## Section 3.19    Online Accounts and Social Media

My Power of Attorney may access, establish, cancel, or continue online accounts (through the Internet or other similar method) of all kinds on my behalf, wherever held and whether in my name alone or held jointly. I specifically authorize my Power of Attorney to request

Case 2:20-cr-00114-JRG-CRW   Document 8-15   Filed 06/14/22   Page 12 of 34   PageID #: 14827

and change my access credentials to any online account, such as username, password, and secret question.

This authority specifically includes bank accounts, investment accounts, accounts with health care providers, social media accounts (like Facebook and Twitter), gambling and poker accounts, accounts with publishers, accounts for access to employee benefits, email accounts, accounts with Internet service providers, accounts to manage websites and website domain names, accounts with retail vendors, and accounts with utility companies.

# Article Four
# Additional Powers

In addition to the powers specified in Article Three, my Power of Attorney has the powers specified in this Article. If a power specified in this Article conflicts with a power specified in Article Three, the power specified in this Article controls.

## Section 4.01    Fixtures and Personalty

My Power of Attorney may engage in real estate transactions or transactions which involve any proprietary lease or stock evidencing my ownership of a cooperative apartment, including all fixtures and articles of personal property used in connection with the real property. My Power of Attorney may include this property in the deeds, mortgages, agreements, and any other instruments to be executed and delivered in connection with real estate transactions and that may be described in these instruments with more particularity.

## Section 4.02    Insurance Transactions

My Power of Attorney may engage in insurance transactions, including applying for, maintaining, canceling, paying premiums on, increasing or decreasing coverage, collecting, borrowing from, transferring ownership, and surrendering and purchasing insurance policies.

## Section 4.03    Estate Transactions

My Power of Attorney may engage in estate transactions, including Receipt, Release and Refunding Agreements, and Waivers and Consents.

## Section 4.04    Safe-Deposit Boxes

My Power of Attorney may enter any safe-deposit box or other place of safekeeping standing in my name alone or jointly with another and to remove the contents and to make additions. In accordance with Section 709.2114(1)(d), Florida Statutes, my Power of Attorney must create and maintain an accurate inventory each time my Power of Attorney accesses my safe-deposit box.

IAN S. GIOVINCO, P.A. 1 WEST BAY STREET, 5126, TAMPA, FLORIDA, 33606 (813) 505-6473
Case 2:18-cr-00140-JRG-CRW   Document 516   Filed 06/14/22   Page 13 of 34   PageID #: 14828

### Section 4.05    Business Succession Agreements

My Power of Attorney may enter into buy-sell agreements and any other business succession agreements.

### Section 4.06    Loans and Notes

My Power of Attorney may engage in all dealings with respect to loans and forgiveness of debts. My Power of Attorney may borrow money at a fair market interest rate on such terms as my Power of Attorney may decide with sole discretion, on a secured or unsecured basis, and to execute all notes, mortgages, and other related instruments.

### Section 4.07    Government Agencies and Benefits

My Power of Attorney has the unrestricted power to deal with and obtain maximum entitlements and benefits relating to the Social Security Administration, Veterans Administration, Social Services Departments, Social Security Disability Insurance, Supplemental Security Income, Medicaid, Medicare, Workers' Compensation, and all other government benefits or entitlement programs, including claims, planning for eligibility, and submission of applications and appeals. In this regard, I authorize my Power of Attorney to execute and deliver any power of attorney or authorization-to-act form requested or required by a government agency. This power imposes no affirmative duty on my Power of Attorney to provide information and documentation to any government agency.

### Section 4.08    Deal with Tax Authorities

I authorize my Power of Attorney to:

> deal with tax authorities, execute and sign on my behalf any and all Federal, state, local, and foreign income and gift tax returns (as authorized under Section 1.6012-1(a)(5) of Title 26 of the Code of Federal Regulations or under any state, local, or foreign authority), including estimated returns and interest, and dividends, gains and transfers, and pay any related taxes, penalties, and interest due;

> represent me or sign an Internal Revenue Service Form 2848 (Power of Attorney or Declaration of Representative) or Form 8821 (Tax Information Authorization), or comparable authorization, appointing a qualified lawyer, certified public accountant or enrolled agent (including my Power of Attorney, if so qualified) to represent me before any office of the Internal Revenue Service, state, local, or foreign taxing authority with respect to the types of taxes and years referred to above, specifying on the authorization the types of taxes and years;

> receive from or inspect confidential information in any office of the Internal Revenue Service, state, local, or foreign tax authority;

> receive, endorse, and deposit, in any one of my bank accounts, or those of any revocable trust of mine, checks in payment of any refund of Federal, state, local or foreign taxes, penalties and interest;

execute waivers and offers of waivers of restrictions on assessment or collection of deficiencies in taxes and waivers of notice of disallowance of a claim for credit or refund;

execute consents extending the statutory period for assessment or collection of taxes; execute Offers in Compromise and Closing Agreements under Internal Revenue Code Sections 7121 and 7122 or comparable provisions, as amended, or any federal, state, local, or foreign tax statutes or regulations; and

substitute another representative for any one of those previously appointed by my Power of Attorney or me, and receive copies of all notices and other written communications involving my federal, state, local, or foreign taxes at the address my Power of Attorney designates.

## Section 4.09    Health Care Decisions

My Power of Attorney may make all health care decisions on my behalf, including those set forth in Chapter 765, Florida Statutes. If I have executed a health care advance directive (including a Designation of Health Care Surrogate) designating a Surrogate, the terms of the directive control if the directive and this Durable Power of Attorney are in conflict.

## Section 4.10    Reimbursement of Health Care Surrogate

My Power of Attorney may reimburse my Surrogate under any health care directive, including a Designation of Health Care Surrogate, even if the Surrogate is my Power of Attorney, for any costs (including legal fees) reasonably incurred by or as a result of acting pursuant to the health care directive.

## Section 4.11    Employment of Professionals

My Power of Attorney may retain, discharge, and pay, with sole discretion, for the services of attorneys, accountants, financial planners, geriatric care managers, social workers, and any other health care professionals. My Power of Attorney is not obligated to retain or pay for any health care professional on my behalf.

## Section 4.12    Intent to Return Home

I intend to return home if I should be in a hospital, rehabilitation center, or nursing home; my Power of Attorney shall take all steps, including executing any document, affidavit, or Declaration of Intent to Return Home on my behalf, to effect my return home.

## Section 4.13    Domicile

My Power of Attorney may change or maintain my domicile and residency for any purpose and may take any actions to effect the foregoing.

## Section 4.14    Business Activities

My Power of Attorney may invest in, contribute to, establish, create, and fund any existing or newly created partnership, corporation, limited liability company, limited liability partnership, limited partnership, or other entity and exercise all pertinent rights.

Case 2:18-cr-00140-JRG-CRW   Document 75-15   Filed 06/14/22   Page 15 of 34   PageID #: 14830

## Section 4.15 Marital Agreements and Designation of Spouse as Power of Attorney

My Power of Attorney may enter into, modify, or amend any pre-nuptial or post-nuptial agreement to which I am or hereafter become a party. If a named Power of Attorney is my spouse, then this power to enter into, modify, or amend any pre-nuptial or post-nuptial agreement as to that named Power of Attorney is automatically revoked.

## Section 4.16 Caregiver Agreements

My Power of Attorney may enter into, execute, modify, alter or amend any contract or agreement on my behalf (for example, a Caregiver Agreement or Personal Services Contract) pertaining to my medical, personal, or general care that I may require at my residence, assisted living facility, nursing facility, or at another's residence. I also expressly authorize my Power of Attorney to also serve as a caregiver under any such agreement and to be paid at fair market value under the terms and conditions of such agreement.

## Section 4.17 Enforcement Proceedings

My Power of Attorney may commence enforcement proceedings, at my expense, against any bank, savings and loan association, credit union, financial institution, brokerage firm, stock transfer agent, insurance company, title insurance company, or other person or entity that fails or refuses to honor this Durable Power of Attorney.

## Section 4.18 Credit Cards

My Power of Attorney may use any credit card in my name to make purchases on my behalf; open a new credit card account; and close any existing credit card account.

## Section 4.19 Domestic Pets

My Power of Attorney may make reasonable expenditures for the care, maintenance, support, and general welfare of my domestic pets, if any. Specifically, and without limitation, my Power of Attorney may consent to and make reasonable expenditures for medical treatment, boarding, and kennel care of any of my domestic pets. I authorize any payments from my funds for pet care provided by any person or entity, including my Power of Attorney.

In addition, my Power of Attorney may acquire a service animal if, in my Power of Attorney's sole discretion, a service animal will benefit me.

## Section 4.20 Spiritual and Religious Needs

My Power of Attorney may involve religious clergy or spiritual leaders in my care, provide them with access to me at all times, arrange or maintain my membership in religious or spiritual organizations, and create opportunities for me to derive comfort and spiritual satisfaction from spiritual and religious activities, including the purchase of religious books, tapes, and other materials.

### Section 4.21    Companionship

My Power of Attorney, with sole discretion, may provide for companionship for me to meet my needs and preferences at a time when I am disabled or otherwise unable to arrange for companionship myself.

### Section 4.22    U.S. Mail

My Power of Attorney may open, read, respond to, and redirect my mail, and represent me before the US Postal Service in all mail-service matters.

# Article Five
# Specific Enumerated Powers

In addition to the powers specified in Article Three and Article Four, my Power of Attorney has the powers specified in this Article. If a power specified in this Article conflicts with a power specified in Article Three or Article Four, the power specified in this Article controls.

By initialing before any of the specific enumerated powers in this Article, I grant my Agent the authority stated in that Section or Subsection. If I have not initialed an item or I have written the word "No" in my own hand my Agent may not exercise that specific enumerated power. In so doing I intend to comply with Section 709.2202(1), Florida Statutes that requires me to initial or sign next to enumerations of certain authorities in order for my Power of Attorney to exercise the authorities.

### Section 5.01    Create and Fund Trusts

_PB_    My Power of Attorney may create revocable or irrevocable inter vivos trusts and may add property to an existing or subsequently created trust.

Specifically, and without limiting the authority granted to my Power of Attorney in this Section, my Power of Attorney may:

_PB_    create and fund a self-settled special needs trust under United States Code, Title 42, Section 1396p(d)(4)(A).

_PB_    create and fund a qualified income trust under United States Code, Title 42, Section 1396p(d)(4)(B) if such a trust should be deemed necessary to qualify me for Medicaid benefits, and make arrangements for the diversion of my income to this trust as necessary to comply with applicable Medicaid rules and regulations, as are more particularly set forth in the Economic Self Sufficiency Manual Section 1840.0110.

*PB*   sign all necessary documents to allow me to join any trust qualifying under United States Code, Title 42, Section 1396p(d)(4)(C) and transfer any portion of my assets to this trust.

*PB*   create a trust for the care of my domestic pets under Section 736.0408, Florida Statutes.

*PB*   create a trust, the terms of which provide for the creation of a qualifying supplemental needs trust for my spouse under Section 732.2025(8), Florida Statutes.

*PB*   create a trust, the terms of which provide for the creation of an elective share trust for my spouse under Section 732.2025(2), Florida Statutes.

## Section 5.02   Accept Transfers and Distributions from Trusts

*PB*   My Power of Attorney may accept transfers or distributions from any trustee of any trust, including any trust over which I have a right of receipt or withdrawal, whether as grantor, beneficiary, or otherwise.

## Section 5.03   Amend, Modify, Revoke, or Terminate Trusts

*PB*   With respect to any trust created by me or on my behalf, my Power of Attorney may amend, modify, revoke, or terminate the trust, if the trust instrument explicitly provides for amendment, modification, revocation, or termination by an Power of Attorney.

## Section 5.04   Power to Make Gifts

*PB*   For purposes of this Section, *my beneficiaries* means my descendants and beneficiaries, including contingent beneficiaries, named in my Will or my revocable living trust, and may include persons who are not my ancestor, spouse, or descendant.

*PB*   My Power of Attorney may make gifts on my behalf. In order to make gifts, my Power of Attorney may withdraw assets from any trust created by me and from which I may withdraw assets. My Power of Attorney may forgive any debts owed to me, and any debt forgiven will be considered a gift to the debtor.

My Power of Attorney may make gifts on the following terms and conditions:

### (a)   Continuation of My Gifting

*PB*   My Power of Attorney may honor pledges and continue to make gifts to charitable organizations that I have regularly supported in the amounts I have customarily given. My Power of Attorney may make gifts in order to assure the continuation of any gifting program initiated by me prior to the time I became incapacitated.

IAN S. GIONGO, P.A., 61 WEST BAY STREET, STE. 20, TAMPA, FLORIDA, 33606 (813) 505-5477

My Power of Attorney may make special occasion gifts to my estate plan beneficiaries, family members, or friends, in equal or unequal amounts, that reflect my past giving and my relationship with such individuals.

**(b)     Gifts for Medicaid Purposes**

*PB*          My Power of Attorney may gift or otherwise spend down my estate for Medicaid eligibility and planning.

**(c)     Gifts to My Power of Attorney**

*PB*          I specifically authorize gifts to my Power of Attorney, but only a named successor Power of Attorney may make gifts to my Power of Attorney. My Power of Attorney may not make gifts to himself or herself, his or her estate, his or her creditors, or the creditors of his or her estate.

**(d)     Gifts in Excess of the Annual Federal Gift Tax Exclusion**

*PB*          If my Power of Attorney determines that gifts in amounts in excess of the annual federal gift tax exclusion are in my best interest and the best interests of my beneficiaries, then such gifts are permitted. My Power of Attorney will not be liable to any beneficiary for exercising or failing to exercise any discretion to make gifts.

**(e)     Gifts for Tuition**

*PB*          My Power of Attorney may prepay the cost of tuition for any of my beneficiaries. My Power of Attorney shall make the payments directly to the educational institution or by establishing and contributing to a Qualified State Tuition Program established under Internal Revenue Code Section 529.

**(f)     Gifts for Medical Expenses**

*PB*          My Power of Attorney may pay medical expenses for any of my beneficiaries as permitted under Internal Revenue Code Section 2503(e). My Power of Attorney shall make the payments directly to the medical provider.

**(g)     Methods of Making Gifts**

*PB*          My Power of Attorney may make gifts of my property under this Section outright, in trust, or in any other manner that my Power of Attorney considers appropriate. By way of example and without limiting my Power of Attorney's powers under this Section, my Power of Attorney is specifically authorized to make gifts by creating tenancy in common and joint tenancy interests or establishing irrevocable trusts including charitable or non-charitable split interest trusts. My Power of Attorney may make gifts by establishing and contributing my property to corporations, family limited

partnerships, limited liability partnerships, limited liability companies, or other similar entities and by making gifts of interests in any of those entities.

To accomplish the objectives described in this subsection, my Power of Attorney may establish and maintain financial accounts of all types and may execute, acknowledge, seal, and deliver deeds, assignments, agreements, authorizations, checks, and other instruments. My Power of Attorney may prosecute, defend, submit to arbitration, settle, or propose or accept a compromise with respect to a claim existing in favor of or against me based on or involving a gift transaction on my behalf. My Power of Attorney may intervene in any related action or proceeding.

_PB_    My Power of Attorney may perform any other act my Power of Attorney considers necessary or desirable to complete a gift on my behalf in accordance with the provisions of this Section.

**(h)    Standard for Making Gifts**

_PB_    It is my desire that in making gifts on my behalf, my Power of Attorney consider the history of my gift making and my estate plan. To the extent reasonably possible, I direct my Power of Attorney to avoid disrupting the dispositive provisions of my estate plan as established by me prior to my incapacity.

**(i)    Ratification of Gifts**

_PB_    I specifically ratify any gifts made by my Power of Attorney under the terms of this Durable Power of Attorney.

**(j)    Gift-Splitting**

_PB_    My Power of Attorney may make, join, and consent to gifts by my spouse pursuant to the Internal Revenue Code, as amended, even for gifts which exceed the aggregate annual gift tax exclusions for both spouses.

**Section 5.05    Ownership and Rights of Survivorship**

_PB_    Notwithstanding any other provision of this Durable Power of Attorney, my Power of Attorney may select, create, or change the rights of survivorship on my property, whether real or personal, including bank and investment accounts, insurance policies, annuities, qualified or nonqualified retirement plans, and real property interests, and may do so by any means, including by changing ownership, such as adding a joint owner. My Power of Attorney may designate survivorship rights among one or more remaindermen and may designate the form of title among multiple remaindermen, including as tenants in common, joint tenants, community property, or tenants by the entirety.

_PB_    In particular, my Power of Attorney may execute any deed designating beneficiaries, including an enhanced life estate deed (also known as a *ladybird* deed), including with respect to my homestead property, if any, and may conduct any and all transactions with full power and authority in my Power of Attorney to sell, convey,

mortgage, lease, and otherwise dispose of the property in accordance with the terms of the deed.

## Section 5.06    Beneficiary Designations

*PB*    Notwithstanding any other provision of this Durable Power of Attorney, my Power of Attorney may select, create, or change beneficiary designations on any and all of my property, whether real or personal, including bank and investment accounts, insurance policies, annuities, qualified or nonqualified retirement plans, and real property interests.

## Section 5.07    Annuities

*PB*    My Power of Attorney may waive my right to be a beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan. My Power of Attorney may withdraw from, transfer ownership, surrender, or purchase any commercial annuity, private annuity, or grantor-retained annuity trust.

## Section 5.08    Disclaimers and Statutory Elections

*PB*    My Power of Attorney may make statutory elections and renounce or disclaim any interest in property by testate or intestate succession or by inter vivos transfer consistent with Florida law.

## Section 5.09    Powers of Appointment

*PB*    My Power of Attorney may exercise in whole or in part, or decline to exercise, or disclaim my rights under any special or general power of appointment or any rights retained by me in any trust or otherwise, whether or not any such trust or other instrument was created by me or others.

## Section 5.10    Qualified Plans

*PB*    Notwithstanding any other provision of this Durable Power of Attorney, my Power of Attorney may deal in all respects with any Qualified Plan or Individual Retirement Account that I may own and make any available elections or beneficiary designations on my behalf. If my spouse is a participant in a Qualified Plan or Individual Retirement Account, I authorize my Power of Attorney to effect any waiver of my rights to any portion of the Plan or to any payout arrangement which may require my consent or approval by law, under the Plan, or otherwise.

## Section 5.11    Estate and Long-Term Care Planning

*PB*    Notwithstanding any other provision of this Durable Power of Attorney, my Power of Attorney may engage in estate and long-term care planning to achieve asset preservation. Property transfers made under this authority may be made without restriction as to the value of the transfer, and must be *in my best interest* if: (1) made under the provisions of this Section; and (2) made in the context of estate planning, financial planning, Medicaid planning, long-term care planning, or asset preservation planning

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 21 of 34   PageID #: 14836

pursuant to the recommendations of an attorney at law experienced in the matters. My Power of Attorney may engage in this planning based on all relevant factors, including:

the value and nature of my property;

my foreseeable obligations and need for maintenance;

minimization of taxes, including income, estate, inheritance, generation-skipping transfer, and gift taxes; and

eligibility for a benefit, a program, or assistance under a statute or government regulation.

*PB*          Notwithstanding any other provision of this Durable Power of Attorney, my Power of Attorney may take any action necessary to effect the foregoing, including to qualify me for Social Security Benefits, Supplemental Security Income, Veterans Benefits, Medicaid or any other government benefit program. These actions may include the following:

convert non-exempt resources into exempt resources;

divest me of assets, without restriction as to the value of the divestment;

if my Power of Attorney is my spouse, my spouse may protect our assets, whether owned by me alone, my spouse alone, or by us together as husband and wife, so that my spouse's impoverishment because of my health care costs can be avoided, by whatever lawful methods might be available;

sign a Spousal Refusal (even if my Power of Attorney is my spouse);

sign an Assignment of Support (even if my Power of Attorney is my spouse);

divide community property assets equally or unequally between my spouse and me, without restriction as to the difference of the value of our shares, if any;

sign an application for Medical Assistance or any other government benefit program;

serve as representative payee;

waive, renounce, and relinquish any rights, claims or demands in homestead property under Section 732.702 Florida Statutes;

transfer the family residence to a spouse who does not need long-term health or nursing care, without restricting the value of the transfer;

make home improvements and additions to my family residence;

pay off, partly or in full, any encumbrance on my family residence;

purchase a family residence, if I do not own a family residence;

purchase a more expensive family residence; and

attend and represent me at Fair Hearings.

IAN S. GIOVINCO, P.A., 611 WEST BAY STREET, STE. 6B, TAMPA, FLORIDA, 33606 | (813) 595-5477
Case 2:18-cr-00140-JRG-CRW   Document 95-10   Filed 06/14/22   Page 22 of 34   PageID #: 14837

## Section 5.12    Exercise of Power in Favor of Power of Attorney

_____ Any Power of Attorney, including an Power of Attorney who is not my ancestor, spouse, or descendant <u>may exercise</u> authority granted under this Article Five to create in the Power of Attorney, or in an individual to whom the Power of Attorney owes a legal obligation of support, an interest in my property, whether by gift, right of survivorship, beneficiary designation, disclaimer, or otherwise.

# Article Six
# Incidental Powers

My Power of Attorney may perform those acts and execute and deliver those legal documents necessary or appropriate to the exercise of the powers set forth in this Durable Power of Attorney, including the following incidental powers.

## Section 6.01    Court Proceedings

My Power of Attorney may begin any court proceedings necessary to protect my legal rights and interests under this Durable Power of Attorney including:

> actions for declaratory judgments from any court of competent jurisdiction interpreting the validity of this Durable Power of Attorney and any of the acts sanctioned by this Durable Power of Attorney; however, my Power of Attorney need not seek a declaratory judgment to perform any act sanctioned by this Durable Power of Attorney;

> actions for mandatory injunctions requiring any person or entity to comply with my Power of Attorney's directions as authorized by this Durable Power of Attorney; and

> actions for actual and punitive damages and the recoverable costs and expenses, including reasonable attorney's fees, of litigation against any person or entity who negligently or willfully fails or refuses to follow my Power of Attorney's directions as authorized by this Durable Power of Attorney.

## Section 6.02    Document Execution

My Power of Attorney may sign, execute, endorse, seal, acknowledge, deliver, and file or record all appropriate legal documents necessary to exercise the powers granted under this Durable Power of Attorney.

## Section 6.03    Custody of Documents

My Power of Attorney may take, give, or deny custody of my important documents, including my Will and any codicils, trust agreements, deeds, leases, life insurance policies, contracts, or securities. My Power of Attorney may disclose or not disclose the

Case 2:18-cr-00140-JRG-CRW   Document 55-6   Filed 06/14/22   Page 23 of 34   PageID #: 14838

whereabouts or contents of those documents, as my Power of Attorney believes appropriate.

# Article Seven
# Limitation on Powers

All powers granted to my Power of Attorney under this Durable Power of Attorney are subject to the limitations set forth in this Article.

## Section 7.01    Limitation on Authority of Power of Attorney

In accordance with Section 709.2201(3), Florida Statutes, notwithstanding the authority of my Power of Attorney granted in this Durable Power of Attorney, my Power of Attorney may not:

> perform duties under a contract that requires the exercise of my personal services;

> make any affidavit as to my personal knowledge;

> vote in any public election on my behalf;

> execute or revoke any will or codicil for me; or

> exercise powers and authority granted to me as trustee or as court-appointed fiduciary.

## Section 7.02    Tax Sensitive Powers

No individual serving as my Power of Attorney may exercise any fiduciary power or discretion if the exercise of that power or discretion would:

> cause any income generated by my property to be attributed to my Power of Attorney for federal income tax purposes;

> cause the value of any property subject to this Durable Power of Attorney to be included in my Power of Attorney's gross estate for federal estate tax purposes;

> cause any distribution made or allowed to be made by my Power of Attorney to be treated as a gift from my Power of Attorney; or

> discharge a legal obligation of my Power of Attorney.

If the exercise of a power by my Power of Attorney under this Durable Power of Attorney would cause any of the foregoing results, any other Power of Attorney that I have designated in this Durable Power of Attorney to serve with the Power of Attorney or as a successor Power of Attorney may exercise the power or discretion, so long as the such exercise would not also cause any of the foregoing results. The other Power of Attorney acting for this purpose must be an individual who is not related or subordinate to my Power of Attorney within the meaning of Internal Revenue Code Section 672(c).

VAL S. GIOVINCO, P.A. 611 WEST BAY STREET, STE B, TAMPA, FLORIDA 33606 L(813) 505-5473

# Article Eight
## Administrative Powers and Provisions

This Article contains certain administrative powers and provisions that facilitate the use of the Durable Power of Attorney and that protect my Power of Attorney and those who rely upon my Power of Attorney.

### Section 8.01    Compensation and Reimbursement to Power of Attorney

If my Power of Attorney is one of the following, then my Power of Attorney is entitled to compensation that is reasonable under the circumstances:

> my spouse;

> my heir within the meaning of Section 732.103, Florida Statutes;

> a financial institution that has trust powers and a place of business in Florida;

> an attorney who is licensed in Florida;

> a certified public accountant who is licensed in Florida; or

> a natural person who is a resident of Florida and who has never been an Power of Attorney for more than three principals at the same time.

My Power of Attorney is entitled to reimbursement of expenses reasonably incurred on my behalf.

### Section 8.02    Release of Information

My Power of Attorney may release and obtain any and all information regarding my financial investments, taxes, and estate planning, including any information or documents regarding stocks, bonds, certificates of deposit, bank accounts, tax returns, retirement accounts, pension plans, wills, trusts, powers of attorney, advance directives, and any other documents or information regarding my financial affairs, taxes, or estate planning from my attorneys-at-law, financial advisors, insurance professionals, accountants, stockbrokers, stock transfer agents, and any other persons having this information.

I release these persons or entities from any liability for releasing the above-referenced information to my Power of Attorney in reliance on this Section.

If my Power of Attorney is an attorney-at-law or other accounting or financial professional, the professional regulations of my Power of Attorney's profession and federal law may prohibit my Power of Attorney from releasing information about my financial affairs to others if I am a client of my Power of Attorney. This instrument, therefore, is a limited waiver of any privilege (such as the attorney-client privilege) that I have established with any Power of Attorney as a client. I waive the privilege for the limited purpose of permitting my Power of Attorney to perform his or her duties under this Durable Power of Attorney.

IAN S. DIOMINDO, P.C. 611 WEST BAY STREET, STE. B, TAMPA, FLORIDA 33606 (813) 585-5477

### Section 8.03     Power of Attorney Authorized to Employ My Attorney

My Power of Attorney may employ the attorney who prepared this Durable Power of Attorney or any other attorney employed by me in connection with my estate plan or business matters and I specifically:

> waive any and all conflicts of interest that might arise through such employment;

> authorize the attorney to make full disclosure of my estate plan and business to the Power of Attorney; and

> authorize the attorney to accept the engagement.

### Section 8.04     Fiduciary Eligibility of Power of Attorney

My Power of Attorney is eligible to serve in any other fiduciary capacity for me or for my benefit, including trustee, guardian, conservator, committee, executor, administrator, or personal representative.

### Section 8.05     Revocation

I may revoke this Durable Power of Attorney at any time, either orally or in writing.

If this Durable Power of Attorney is revoked, no person will incur any liability to me or my estate as a result of permitting my Power of Attorney to exercise any power authorized by this Durable Power of Attorney prior to that person's receipt of notice that it was revoked.

I may revoke by filing a Notice of Revocation in the public records of Pasco County. This revocation will be deemed effective upon recording.

### Section 8.06     Resignation

My Power of Attorney may resign by the executing of a written resignation delivered to me (or my guardian if am incapacitated and one has been appointed for me) and to any Power of Attorney serving together with the resigning Power of Attorney, or if none, to the next successor Power of Attorney. If I am incapacitated, notice may be delivered to any person who I am living with or who is responsible for my care and custody.

### Section 8.07     Notice

In accordance with Section 709.2121, Florida Statutes, notice of the events described in this Section will be provided as specified.

A notice, including a Notice of Revocation, notice of partial or complete termination by adjudication of incapacity or by the occurrence of an event referenced in this Durable Power of Attorney, notice of my death, notice of suspension by initiation of proceedings to determine incapacity or to appoint a guardian, or other notice, is not effective until written notice is provided to my Power of Attorney or any third persons relying upon this Durable Power of Attorney.

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 26 of 34   PageID #: 14841

Notice must be in writing and must be accomplished in a manner reasonably suitable under the circumstances and likely to result in receipt of the notice or document. Permissible methods of notice or for sending a document include first-class mail, personal delivery, delivery to the person's last known place of residence or place of business, or a properly directed facsimile or other electronic message.

Notice to a financial institution must contain the name, address, and the last four digits of my taxpayer identification number and be directed to an officer or a manager of the financial institution in Florida.

Notice is effective when given, except that notice upon a financial institution, brokerage company, or title insurance company is not effective until 5 days, excluding Saturdays, Sundays, and legal holidays, after it is received

### Section 8.08    Signature of Power of Attorney

My Power of Attorney shall use the following form or a substantially similar form when signing documents on my behalf pursuant to this power:

> PETER RIFAT BOLOS by MERIAM EZZAT BOLOS, as his Power of Attorney

### Section 8.09    Interpretation

This Durable Power of Attorney is a general power of attorney and should be interpreted as granting my Power of Attorney all general powers permitted under Florida law. The description of specific powers is not intended to nor does it limit or restrict any of the general powers granted to my Power of Attorney.

### Section 8.10    Use of *Power of Attorney* Nomenclature

The terms *Agent* and *Attorney-in-Fact* are used synonymously in this document and any modifying or equivalent word or substituted pronoun includes the singular and the plural, as well as the masculine, feminine, and neuter genders.

### Section 8.11    Third-Party Refusal

Under Section 709.2120, Florida Statutes, this Section controls the acceptance or rejection of this Durable Power of Attorney.

#### (a)    Procedure

Except as provided in subsection (b), below:

A third person must accept or reject this Durable Power of Attorney within a reasonable time. A third person who rejects this Durable Power of Attorney must state in writing the reason for the rejection.

Four days, excluding Saturdays, Sundays, and legal holidays, are presumed to be a reasonable time for a financial institution to accept or reject this Durable Power of Attorney with respect to:

MILS, PROVINCO, PAG, 611 WEST BAY STREET, SUITE BB, TAMPA, FLORIDA, 33606 (813) 595-5473

a banking transaction, if this Durable Power of Attorney expressly contains authority to conduct banking transactions under Section 709.2208(1), Florida Statutes; or

a security transaction, if this Durable Power of Attorney expressly contains authority to conduct security transactions under Section 709.2208(2), Florida Statutes.

A third person may not require an additional or different form of power of attorney (such as a financial institution's power of attorney form) for authority granted in this Durable Power of Attorney.

## (b)     Permissible Reasons to Reject

A third person is not required to accept this Durable Power of Attorney if:

  (i) the third person is not otherwise required to engage in a transaction with me in the same circumstances;

  (ii) the third person has knowledge of the termination or suspension of my Power of Attorney's authority or of this Durable Power of Attorney before exercising the power;

  (iii) a timely request by the third person for an affidavit, an English translation or opinion of counsel under Section 709.2119(4), Florida Statutes, is refused by my Power of Attorney;

  (iv) except as provided in paragraph (ii) of this subsection, the third person believes in good faith that the power is not valid or that my Power of Attorney does not have authority to perform the act requested; or

  (v) the third person makes, or has knowledge that another person has made, a report to the local adult protective services office stating a good faith belief that I may be subject to physical or financial abuse, neglect, exploitation, or abandonment by my Power of Attorney or a person acting for or with my Power of Attorney.

## (c)     Third-Party Liability for Improper Rejection

A third person who, in violation of Section 709.2120, Florida Statutes (the contents of which are stated in this Section), refuses to accept this Durable Power of Attorney is subject to:

  (i) a court order mandating acceptance of this Durable Power of Attorney; and

  (ii) liability for damages, including reasonable attorney's fees and costs, incurred in any action or proceeding that confirms, for the purpose tendered, the validity of this Durable Power of Attorney or mandates acceptance of this Durable Power of Attorney.

Case 2:18-cr-00140-JRG-CRW   Document 918   Filed 06/14/22   Page 28 of 34   PageID #: 14843

## Section 8.12    Third-Party Reliance

Except as provided in Section 709.2119(5), Florida Statutes, no person who relies in good faith on the authority of my Power of Attorney under this Durable Power of Attorney will incur any liability to me, my estate, or my heirs, successors, and assigns.

Any party dealing with my Power of Attorney may conclusively rely upon an affidavit or certificate of my Power of Attorney stating:

> where I am domiciled;
>
> that I am not deceased;
>
> that there has been no revocation or partial or complete termination by adjudication of incapacity or by the occurrence of an event referenced in this Durable Power of Attorney;
>
> that there has been no suspension by initiation of proceedings to determine my incapacity, or to appoint a guardian; and
>
> if the affiant is a successor Power of Attorney, the reasons for the unavailability of the predecessor Power of Attorney, if any, at the time the authority is exercised.

## Section 8.13    Judicial Relief

Under Section 709.2116, Florida Statutes, a court may construe or enforce this Durable Power of Attorney, review my Power of Attorney's conduct, terminate my Power of Attorney's authority, remove my Power of Attorney, and grant other appropriate relief.

In any proceeding commenced by filing a petition under this Section, including the unreasonable refusal of a third person to allow my Power of Attorney to act pursuant to this Durable Power of Attorney, and in challenges to the proper exercise of authority by my Power of Attorney, the court shall award reasonable attorney's fees and costs.

The following persons may petition the court:

> me or my Power of Attorney, including any nominated successor Power of Attorney;
>
> a guardian, conservator, trustee, or other fiduciary acting for me or my estate;
>
> a person authorized to make health care decisions for me if my health care is affected by the actions of my Power of Attorney;
>
> any other interested person if the person demonstrates to the court's satisfaction that the person is interested in my welfare and has a good faith belief that the court's intervention is necessary;
>
> a governmental agency having regulatory authority to protect my welfare; or
>
> a person asked to honor this Durable Power of Attorney.

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 29 of 34   PageID #: 14844

### Section 8.14    Effect of Duplicate Originals or Copies

If this Durable Power of Attorney has been executed in multiple counterparts, each counterpart original will have equal force and effect. My Power of Attorney may make copies of this Durable Power of Attorney and each copy will have the same force and effect as the original. A copy means an electronic, digital, facsimile, photocopy, or other reproduction of this Durable Power of Attorney.

### Section 8.15    Governing Law

The Florida Power of Attorney Act (part II of chapter 709, Florida Statutes) will govern this Durable Power of Attorney's validity and interpretation. To the extent permitted by law, this Durable Power of Attorney is applicable to all of my property (whether real or personal, tangible or intangible, or legal or equitable), wherever located, and whether or not the property is owned by me now or in the future.

### Section 8.16    Severability

If any provision of this Durable Power of Attorney is declared invalid for any reason, the remaining provisions will remain in full force and effect.

# Article Nine
## Duties and Liabilities of My Power of Attorney

### Section 9.01    Mandatory Duties

Under Section 709.2114(1), Florida Statutes, my Agent is a fiduciary. Notwithstanding the provisions in this Durable Power of Attorney, my Power of Attorney:

   (i)   must act only within the scope of authority granted in this Durable Power of Attorney, and in so doing:

      (a)   may not act contrary to my reasonable expectations if actually known by my Power of Attorney;

      (b)   must act in good faith;

      (c)   may not act in a manner that is contrary to my best interest, except as provided in Sections 709.2114(2)(d) and 709.2202, Florida Statutes; and

      (d)   must attempt to preserve my estate plan, to the extent actually known by my Power of Attorney, if preserving the plan is consistent with my best interest based on all relevant factors, including:

         (1)   the value and nature of my property;

         (2)   my foreseeable obligations and need for maintenance;

         (3)   minimization of taxes, including income, estate, inheritance, generation-skipping transfer, and gift taxes;

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 30 of 34   PageID #: 14845

(4) eligibility for a benefit, a program, or assistance under a statute or rule; and

(5) my personal history of making or joining in making gifts;

(ii) may not delegate authority to a third person (anyone other than an Power of Attorney acting with the delegating Power of Attorney or a successor Power of Attorney) except as provided by Section 518.112, Florida Statutes (regarding delegation of investment functions);

(iii) must keep a record of all receipts, disbursements, and transactions made on my behalf; and

(iv) must create and maintain an accurate inventory each time my Power of Attorney accesses my safe-deposit box, if this Durable Power of Attorney authorizes my Power of Attorney to access the box.

## Section 9.02    Default Duties

Under Section 709.2114(2), Florida Statutes, except as otherwise provided in this Durable Power of Attorney, my Power of Attorney shall:

act loyally for my sole benefit;

act so as not to create a conflict of interest that impairs my Power of Attorney's ability to act impartially in my best interest;

act with the care, competence, and diligence ordinarily exercised by Power of Attorney in similar circumstances; and

cooperate with a person who has authority to make health care decisions for me in order to carry out my reasonable expectations to the extent actually known by my Power of Attorney and, otherwise, act in my best interest.

## Section 9.03    Duty of Power of Attorney Selected Because of Special Skills

Under Section 709.2114(4), Florida Statutes, if I have selected an Power of Attorney because of special skills or expertise possessed by the Power of Attorney or in reliance on the Power of Attorney's representation that the Power of Attorney has special skills or expertise, the special skills or expertise must be considered in determining whether the Power of Attorney has acted with care, competence, and diligence under the circumstances.

## Section 9.04    Duty and Liability Regarding Actual Knowledge of Breach by Another Power of Attorney

Under Section 709.2111(4), Florida Statutes, an Power of Attorney who has actual knowledge of a breach or imminent breach of fiduciary duty by another Power of Attorney, including a predecessor Power of Attorney, must take any action reasonably appropriate in the circumstances to safeguard my best interests. If the Power of Attorney in good faith believes that I am not incapacitated, giving notice to me is a sufficient action. If an Power of Attorney fails to take action as required by this provision, the Power of Attorney is liable

Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 31 of 34   PageID #: 14846

to me for my reasonably foreseeable damages that could have been avoided if the Power of Attorney had taken action.

Under Section 709.2111(3), Florida Statutes, except as otherwise provided in this Durable Power of Attorney including the immediately preceding paragraph of this Section, an Power of Attorney who does not participate in or conceal a breach of fiduciary duty committed by another Power of Attorney, including a predecessor Power of Attorney, is not liable for the actions or omissions of the other Power of Attorney.

Under Section 709.2111(5), Florida Statutes, a successor Power of Attorney does not have a duty to review the conduct or decisions of a predecessor Power of Attorney. Except as provided in this Section, a successor Power of Attorney does not have a duty to institute any proceeding against a predecessor Power of Attorney, or to file any claim against a predecessor Power of Attorney's estate, for any of the predecessor Power of Attorney's actions or omissions as Power of Attorney.

## Section 9.05    Limited Duty of Disclosure

Except as otherwise provided in this Durable Power of Attorney, my Power of Attorney is not required to disclose receipts, disbursements, transactions conducted on my behalf, or safe-deposit box inventories, unless:

> ordered by a court;

> requested by me, a court-appointed guardian, another fiduciary acting for me, or a governmental agency having authority to protect my welfare; or

> upon my death, requested by the personal representative or successor in interest of my estate.

If requested, my Power of Attorney must comply with the request within 60 days or provide a writing or other record substantiating the need for additional time and comply with the request within an additional 60 days.

## Section 9.06    Limitation of Liability of My Power of Attorney

Except as provided in this Durable Power of Attorney and Section 709.2115, Florida Statutes, I release and discharge any Power of Attorney acting in good faith from any civil liability and from all claims or demands of all kinds whatsoever by me, my estate, and my heirs, successors, and assigns arising out of the acts or omissions of my Power of Attorney, except for duties committed dishonestly, with improper motive, or with reckless indifference to the purposes of this Durable Power of Attorney or my best interests, including willful misconduct or gross negligence. This protection extends to the estate, heirs, successors, and assigns of my Power of Attorney.

In particular, any Power of Attorney who acts in good faith is not liable to any beneficiary of my estate plan for failure to preserve the plan, and absent a breach of duty to me, my Power of Attorney is not liable if the value of my property declines.

IAN S. GIOVINCO, P.A. 911 WEST BAY STREET STE 2B, TAMPA, FLORIDA 33606 | (813) 505-5437

# Article Ten
## Acceptance of Appointment as Power of Attorney

Any manifestation of acceptance of appointment as Power of Attorney, whether in writing or by conduct, is an acceptance of all aspects of this Durable Power of Attorney, and may not be limited to only certain aspects. Appointment as Power of Attorney is accepted by:

signing any document manifesting acceptance;

exercising any authority or performing any duties as Power of Attorney under this Durable Power of Attorney; or

any other assertion or conduct indicating acceptance.

# Article Eleven
## Declarations of the Principal

I understand that this Durable Power of Attorney is an important legal document. Before executing this Durable Power of Attorney, my attorney explained to me the following:

that this Durable Power of Attorney provides my Power of Attorney with broad powers to dispose of, sell, convey, and encumber my real and personal property;

that the powers will exist for an indefinite period of time unless I revoke this Durable Power of Attorney or I have limited their duration by specific provisions herein;

that this Durable Power of Attorney remains in full force and effect during my subsequent disability or incapacity; and

that I may revoke or terminate this Durable Power of Attorney at any time.

Durable Power of Attorney of PETER RIFAT BOLOS
Page 32
IAN S. GIOVINCO, P.A. 911 WEST BAY STREET, STE 2B, TAMPA, FLORIDA 33696 | (813) 505-5477
Case 2:16-cr-00140-JRG-CRW Document 916 Filed 06/14/22 Page 33 of 34 PageID #: 14848

Dated: April 9, 2021

**PETER RIFAT BOLOS, Principal**

## Declaration of Witnesses

The foregoing Durable Power of Attorney was, on the day and year written above, published, and declared by PETER RIFAT BOLOS, in our presence to be his Durable Power of Attorney. We, in his presence and at his request, and in the presence of each other, have attested to the same and have signed our names as attesting witnesses.

Ian S. Giovinco, Witness
611 West Bay Street, Ste 2B
Tampa, Florida 33606

Pat Ashby, Witness
611 West Bay Street, Ste 2B
Tampa, Florida 33606

STATE OF FLORIDA         )
                       ) ss.

COUNTY OF HILLSBOROUGH   )

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this day, April 9, 2021, by PETER RIFAT BOLOS, who is personally known to me or who has produced _____ FL DRIVER LICENSE _____, as identification.

[Seal]



AMY PRICE TURTON
Commission # GG 309499
Expires February 2, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

Amy Turton, Notary Public

Durable Power of Attorney of PETER RIFAT BOLOS
Page 33
IAN S. GIOVINCO, P.A., 611 WEST BAY STREET, STE. 2B, TAMPA, FLORIDA, 33606 | (813) 505-5477
Case 2:18-cr-00140-JRG-CRW   Document 910   Filed 06/14/22   Page 34 of 34   PageID #:
14849