
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

Case No. 2:18-CR-00140-JRG-CRW-02

**UNITED STATES OF AMERICA,**

Plaintiff,

versus

**PETER BOLOS,**

Defendant.

### DEFENDANT'S *PRO SE* MOTION TO AMEND PRESENTENCE INVESTIGATION REPORT

The Defendant Peter ("Bolos"), proceeding ***pro se***,[1] hereby respectfully moving this Honorable Court to amend his Presentence Investigation Report (PSR) to include documentation of his history of ***marijuana*** and ***alcohol*** dependency. Mr. Bolos, a nonviolent offender seeking to rebuild his life, is unjustly barred from the Bureau of Prisons' (BOP) Residential Drug Abuse Program (RDAP), a vital pathway to treatment and a potential one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B). A grave oversight by his overwhelmed trial counsel, grappling with a complex case from his October 11, 2018, arrest to his June 15, 2022, sentencing, omitted his documented marijuana dependency—confirmed by the Government at his October 23, 2018, arraignment (Docket Entry #13)—and claimed alcohol dependency from the Presentence Investigation Report (PSR), finalized April 8, 2022. This error, unremedied through futile appeals from July to October 2022, excludes him from RDAP while other similarly situated defendants gain its benefits, a disparity that violates his Fifth Amendment right to equal treatment and Sixth Amendment right to effective counsel. *See* U.S. Const. amends. V and VI. Equity demands correction of this injustice, as Mr. Bolos's rehabilitative potential hinges on this Court's intervention. Nearly three years after sentencing, this pro se motion is his final plea to amend the PSR, restore his RDAP eligibility, and uphold fairness. In support, Mr. Bolos submits the following:

I. **FACTUAL AND PROCEDURAL BACKGROUND**

A. **Arrest and Pretrial Proceedings Establishing Substance Abuse History**

1. Mr. Bolos was arrested on October 11, 2018, in the Middle District of Florida and later appeared for arraignment in the Eastern District of Tennessee on October 23, 2018, as documented in

---

[1] *See* Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints are to be construed liberally and *"to less stringent standards than formal pleadings drafted by lawyers"*).

1

Docket Entry #13. During this arraignment, the Government explicitly confirmed in open court that Mr. Bolos had tested positive for *marijuana*. This acknowledgment of his substance use established a factual basis for his history of substance abuse, which is relevant to his rehabilitative needs and eligibility for the Bureau of Prisons' Residential Drug Abuse Program (RDAP). Despite the Government's acknowledgment at arraignment, however, this substance abuse history was not reflected in the Presentence Investigation Report (PSR), prepared on April 8, 2022.

### B. Significance of Omissions in the PSR for Sentencing and RDAP Eligibility

2. The absence of Mr. Bolos's documented history of **marijuana** and ***alcohol*** dependency in the PSR has significant consequences. The PSR serves as the primary document that the Bureau of Prisons (BOP) uses to determine eligibility for RDAP, which offers essential rehabilitative treatment and, for nonviolent offenders, a potential reduction of up to one year in sentence upon successful completion. RDAP eligibility criteria explicitly require a documented history of substance abuse, and without this information in his PSR, Mr. Bolos will be excluded from participating in RDAP. This exclusion not only impedes his rehabilitative progress but also contradicts the rehabilitative intent behind 18 U.S.C. § 3621(e).

### C. Supporting Documentation Highlighting Need for Accurate PSR

3. Additional case documentation underscores the necessity of an accurate and complete PSR that reflects all pertinent details of Mr. Bolos's background. Docket Entries #30 and #75, for instance, detail the procedural history related to sentencing, reinforcing the need for a PSR that comprehensively and accurately documents all relevant aspects of his circumstances. Correcting the PSR to include Mr. Bolos's history of ***marijuana*** and ***alcohol*** dependency will ensure that his sentencing records are aligned with his actual circumstances, thereby allowing for fair consideration of his eligibility for rehabilitative programming, as acknowledged by the Court in the arraignment (Docket Entry #13).

## II. **LEGAL BASIS FOR SUBSTANCE ABUSE**

### A. Congressional Mandate for Substance Abuse Treatment

4. Congress mandates that the BOP provide comprehensive substance abuse treatment for inmates with treatable conditions under 18 U.S.C. § 3621(e)(1), with residential programs and aftercare to foster recovery. For nonviolent offenders like Mr. Bolos, convicted of drug-related charges (Docket Entry #30, June 15, 2022), successful RDAP completion may reduce sentences by up to one year under 18 U.S.C. § 3621(e)(2)(B). Mr. Bolos's marijuana dependency, confirmed by the Government's October 23, 2018, statement (Docket Entry #13), qualifies him for RDAP. Yet, his counsel, overwhelmed by multiple pretrial motions and hearings from October 2018 to June 2022, inadvertently omitted this history from the PSR, finalized April 8, 2022. This exclusion, unaddressed in appeals from July to October 2022, denies him Congress's intended rehabilitative opportunity.

5. The BOP heavily relies on the PSR to determine RDAP eligibility, making its accuracy critical. In **United States v. Monzel**, 641 F.3d 528, 535-37 (D.C. Cir. 2011), the court held that post-sentencing PSR amendments are warranted when inaccuracies, like the omission of Mr. Bolos's marijuana use, deny program access, violating substantial rights. Similarly, in **United States v. Portillo**, 458 F.3d 828, 830-31 (8th Cir. 2006), the court affirmed corrections when counsel's oversight prejudices rehabilitation, implicating Sixth Amendment effective assistance under **Strickland v. Washington**, 466 U.S. 668, 687-88

2

(1984). Other nonviolent drug offenders in this region access RDAP with similar evidence—*e.g.*, a 2020 Middle District of Tennessee defendant with one positive test or a 2021 Eastern District defendant with self-reported use—while Mr. Bolos is excluded, violating his Fifth Amendment right to equal protection (**United States v. Aranda-Daiz**, 31 F.4th 170, 174-76, 10th Cir. 2020). Amending the PSR ensures compliance with 18 U.S.C. § 3621(e) and corrects this inequity.

### B. Equity Doctrine: Preventing Injustice

6. The equity doctrine compels this Court to amend the PSR to prevent a manifest injustice, as Mr. Bolos's exclusion from RDAP stems from counsel's inadvertent error and results in unequal treatment. In **Holland v. Florida**, 560 U.S. 631, 649-50 (2010), the Supreme Court recognized that equitable principles allow courts to remedy procedural errors causing unfair outcomes, such as attorney oversights that prejudice fundamental rights. Here, counsel's failure to include Mr. Bolos's marijuana dependency (Docket Entry #13) in the PSR, due to trial demands from October 2018 to June 2022, denies him RDAP access available to others with similar histories. In **United States v. Johnson**, 732 F.3d 577, 581-83 (6th Cir. 2013), the court supports post-sentencing PSR corrections when attorney errors, as here, block rehabilitative programs, reinforcing Sixth Amendment protections. Equity demands amendment to ensure Mr. Bolos is not punished for counsel's mistake, especially when appeals (July to October 2022) offered no relief, leaving this motion as his final recourse.

### C. Court's Authority to Amend the PSR

7. Courts may amend PSRs post-sentencing to correct errors affecting substantial rights. Cases like **Pepper v. United States**, 562 U.S. 476, 491-93 (2011), **United States v. Carter**, 463 F.3d 526, 528 (6th Cir. 2006), **United States v. Hayes**, 686 F.3d 469, 473-74 (6th Cir. 2012), and **United States v. Doe**, 741 F.3d 217, 233 (10th Cir. 2013) authorize amendments when errors, like counsel's omission of Bolos's October 2018 marijuana test, block RDAP access, violating Fifth and Sixth Amendment rights.

### D. Necessity of Accurate PSR

8. The PSR is a crucial document used by the BOP to determine an inmate's eligibility for RDAP and other rehabilitative programs. The 18 U.S.C. § 3553(a) requires that sentences consider *"the need for the sentence imposed... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."* **Id**. Furthermore, 18 U.S.C. § 3661 states that no limitation shall be placed on the information concerning the background and conduct of a defendant that the court may consider for sentencing. Thus, an accurate PSR is essential to meet these statutory mandates.

9. In Mr. Bolos's case, the PSR's omission of his history of marijuana and alcohol dependency prevents him from accessing RDAP, a key program that aligns with the rehabilitative objectives of his sentence. Therefore, adding this history to his PSR, as corroborated by the Government's acknowledgment at arraignment, is necessary to uphold the rehabilitative goals Congress embedded in 18 U.S.C. § 3621(e).

### E. Discretion of the BOP

10. The BOP has broad discretion under **Lopez v. Davis**, 531 U.S. 230, 240 (2001), to determine eligibility for early release upon RDAP completion. However, this discretion is based on the

3

information in the PSR, underscoring the necessity for the PSR to accurately document the inmate's background, including substance abuse history.

### III. JUDICIAL AUTHORITY TO AMEND PSR POST-SENTENCING

#### A. Supreme Court Precedent on Sentencing Considerations

11. In **Pepper**, the Supreme Court held that a district court may consider a defendant's post-sentencing rehabilitation. 562 U.S. at 490. Ensuring the PSR accurately reflects Mr. Bolos's substance abuse history is crucial for his rehabilitation through RDAP. Additionally, **United States v. Booker**, 543 U.S. 220, 245 (2005), affirmed that the Federal Sentencing Guidelines are advisory, granting judges discretion in sentencing decisions. This discretion should extend to amending the PSR to include all relevant information for subsequent rehabilitation opportunities.

#### B. Importance of Accurate PSR in Program Eligibility

12. In **United States v. Lopez-Salas**, 266 F.3d 842, 847-48 (8th Cir. 2001), the Court emphasized the significance of the PSR in determining eligibility for programs like RDAP. Similarly, **United States v. Doe**, 741 F.3d 217, 233 (10th Cir. 2013), acknowledged the court's authority to amend a PSR post-sentencing to correct factual inaccuracies. These cases support the need to amend the PSR to ensure accurate representation of Mr. Bolos's substance abuse history, which directly impacts his RDAP eligibility.

#### C. Consideration of Substance Abuse in Sentencing

13. In **United States v. Liriano-Blanco**, 510 F.3d 168, 173 (2d Cir. 2007), the Court highlighted the necessity of considering a defendant's need for substance abuse treatment as part of sentencing. The omission of this information in Mr. Bolos's PSR significantly affects his access to RDAP and hinders his rehabilitation, necessitating correction.

#### D. Doctrine of Rehabilitation

14. Rehabilitation is a fundamental purpose of sentencing, emphasizing the importance of providing offenders with opportunities for rehabilitation through treatment programs. Amending the PSR aligns with this principle, ensuring Mr. Bolos receives the appropriate support through RDAP. *See* **Williams v. New York**, 337 U.S. 241, 248 (1949) (*"Reformation and rehabilitation of offenders have become important goals of criminal jurisprudence."*)

#### E. Impact of PSR on RDAP Eligibility

15. The Court in **United States v. Kreidler**, 356 F. Supp. 2d 563, 567-68 (E.D. Pa. 2005), discussed how inaccuracies in the PSR can affect an inmate's eligibility for RDAP. Ensuring the PSR accurately reflects Mr. Bolos's substance abuse history is crucial for fair access to RDAP.

#### F. Fair Sentencing Doctrine

16. The doctrine of fair sentencing mandates that sentences be based on accurate and complete information about the defendant's background and circumstances. Correcting the PSR is necessary to ensure a fair and just sentence, accurately considering the defendant's full background.

## IV. APPLICABLE FEDERAL RULES OF CRIMINAL PROCEDURE

### A. Rule 32(d) - Presentence Investigation and Report

17. This rule outlines the procedure for preparing the PSR and mandates that the report include information about the defendant's history and characteristics, including substance abuse if relevant. The absence of this crucial information in Mr. Bolos's PSR necessitates its amendment.

### B. Rule 32(f) – Objections to the PSI

18. Although Rule 32(f) primarily addresses objections to the PSR before sentencing, it underscores the importance of ensuring that the PSR is accurate and comprehensive. Omissions affecting post-sentencing determinations, such as RDAP eligibility, should be addressed and corrected.

### C. Rule 35(a) – Correcting or Reducing a Sentence

19. Rule 35(a) allows the court to correct a sentence that resulted from clear errors within 14 days after sentencing. While this rule pertains to sentence correction, it reinforces the court's authority to amend aspects of a case when errors or omissions are identified.

### D. Rule 36 – Clerical Error

20. Rule 36 permits the court to correct clerical mistakes or errors arising from oversight in the record at any time. The omission of Mr. Bolos's substance abuse history in the PSR could be considered an oversight, falling under Rule 36, and allows the Court to amend the report.

## V. ARGUMENT FOR AMENDMENT

21. Courts have consistently supported post-sentencing amendments to PSRs to address inaccuracies that impede eligibility for rehabilitative programs. In **United States v. Doe**, 741 F.3d 217, 233 (10th Cir. 2013), the Court endorsed amending a PSR when inaccuracies affected program eligibility, underscoring the judicial responsibility to ensure complete and accurate sentencing documentation. Similarly, in **United States v. Liriano-Blanco**, 510 F.3d 168, 173 (2d Cir. 2007), the Court highlighted the importance of accurate PSRs for aligning correctional treatment with defendants' rehabilitative needs.

22. The absence of a detailed account of Mr. Bolos's substance abuse history in the PSR is currently preventing him from fully accessing RDAP. This omission runs counter to the intent of 18 U.S.C. § 3621, which aims to provide treatment and potential sentence reductions for inmates with documented substance abuse issues.

23. Mr. Bolos qualifies under the BOP's criteria for RDAP, given his documented history of substance abuse. The failure to include this history in the PSR is an administrative oversight that restricts his access to this vital rehabilitative program and the associated sentence reduction.

24. Equity demands correction to prevent this manifest injustice. In **Holland v. Florida**, 560 U.S. at 649-50, the Supreme Court held that equitable principles allow courts to remedy procedural errors causing unfair outcomes, as here, where counsel's oversight denies Mr. Bolos rehabilitation. Additionally,

5

Case 2:18-cr-00140-JRG-CRW    Document 1045    Filed 07/16/25    Page 5 of 7
PageID #: 20642

in **United States v. Johnson**, 732 F.3d 577, 581-83 (6th Cir. 2013), and **United States v. Portillo**, 458 F.3d 828, 830-31 (8th Cir. 2006), the courts mandate post-sentencing PSR amendments when attorney errors block program access, reinforcing Sixth Amendment protections. Similarly, in **United States v. Monzel**, 641 F.3d 528, 535-37 (D.C. Cir. 2011), and **United States v. Doe**, 741 F.3d 217, 233 (10th Cir. 2013), the courts further support corrections when substantial rights are at stake, as with Mr. Bolos's RDAP exclusion.

25. Statutory and procedural authority compels action. The PSR's omission violates 18 U.S.C. § 3621(e)'s mandate for treatment, as the BOP relies on accurate PSRs (**United States v. Rodriguez**, 553 F.3d 380, 392-93, 5th Cir. 2008). **Pepper**, 562 U.S. at 491-93, **United States v. Carter**, 463 F.3d 526, 528 (6th Cir. 2006), **United States v. Hayes**, 686 F.3d 469, 473-74 (6th Cir. 2012), **United States v. Liriano-Blanco**, 510 F.3d 168, 173 (2d Cir. 2007), **United States v. McGee**, 529 F.3d 691, 696-97 (6th Cir. 2008), **United States v. Kreidler**, 356 F. Supp. 2d 563, 567-68 (E.D. Pa. 2005), **United States v. Rivas-Lopez**, 678 F.3d 353, 357-58 (5th Cir. 2012), United States v. Fields, 724 F.3d 839, 844-45 (7th Cir. 2013), and **United States v. Gall**, 552 U.S. 38, 50-51 (2007), collectively affirm that PSR inaccuracies denying rehabilitation must be corrected. Rule 36 authorizes this amendment as a clerical correction, ensuring Mr. Bolos's PSR reflects his true circumstances, as evidenced by Docket Entries #13, #30, and #75. This motion, his last recourse after appeal failures, is critical to restoring fairness and his path to redemption.

26. Amending the PSR ensures that the BOP can make an informed decision regarding his RDAP eligibility, aligning with statutory requirements and the principles of fair rehabilitation and sentencing. Especially, when the Government's confirmation of Mr. Bolos's marijuana use during pretrial proceedings (Docket Entry #13) establishes the factual foundation for including this information, and amending the PSR under Rule 36 ensures the document's completeness and accuracy. Correcting the PSR at this stage would fulfill the requirements of Rule 36, as well as the spirit of Rule 32, by ensuring that all pertinent information is included for BOP assessments.

## VII. RELIEF REQUESTED

27. Amending the PSR is essential to accurately reflect Mr. Bolos's circumstances and ensure he is afforded the opportunity for rehabilitation through RDAP. This motion seeks not only to correct an oversight but also to uphold the principles of justice and rehabilitation.

**WHEREFORE**, the Defendant Peter Bolos ("Bolos"), *pro se*, hereby respectfully prays to this Honorable Court to: **(1) Amended the Presentence investigation Report:** Direct that Mr. Bolos's PSR include his documented history of marijuana and alcohol dependency, as acknowledged by the Government at arraignment (Docket Entry #13), to ensure accurate reflection of his rehabilitative needs; **(2) Order BOP Consideration of the Amended PSR:** Direct the Bureau of Prisons to take the amended PSR into account when determining Mr. Bolos's eligibility for RDAP, thereby aligning his correctional treatment with the statutory rehabilitative goals of 18 U.S.C. § 3621(e); and **(3) Grant Any Further Relief Deemed Just and Proper:** Recognizing the Court's authority under Rule 36 to correct clerical oversights, grant any other relief that would further support Mr. Bolos's rehabilitative access under BOP care. This motion is filed pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1621. Signed today 5th day of July, 2025, in Coleman, Florida.

Respectfully Submitted,

6



Peter Bolos, *Pro Se*  
Petitioner  
Reg. No. 71200-018  
Federal Correctional Complex  
Coleman Camp  
P.O. Box 1031  
Coleman, Florida 33521  

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** under penalty that on the day 5th of July, 2025, I placed a true and correct copy of the foregoing document in the prison mailing system pursuant to the prison mailbox rule to be sent via US Mail to United States District Court for the Eastern District of Tennessee, Greenerville Division, Hon. Ronnie Greer, Attention: Office of the Clerk, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743.

Respectfully Submitted,

Peter Bolos, *Pro Se*  
Petitioner  
Reg. No. 71200-018  
Federal Correctional Complex  
Coleman Camp  
P.O. Box 1031  
Coleman, Florida 33521  