UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-00140-2-JRG-CRW |
| | ) | |
| PETER BOLOS | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Peter Bolos's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 1056]. Consistent with Standing Order 21-09, the Federal Defender Services of Eastern Tennessee ("FDSET") entered a limited notice of appearance as counsel of record on the motion [Doc. 1058] and notified the Court that they had initiated a review of Defendant's case to determine his eligibility for relief under § 3582(c)(1)(A) [Doc. 1059].[1] The United States responded in opposition. [Doc. 1064]. The FDSET subsequently filed a notice indicating that they do not intend to file any supplemental pleadings at this time. [Doc. 1065]. Mr. Bolos then filed a "Motion for Entry of an Order of Substitution and for Leave to File the Accompanying Reply Pro Se" [Doc. 1066], requesting that FDSET be removed as counsel and that he be permitted to file his reply pro se.

As an initial matter, Defendant's motion for substitution [Doc. 1066] is **GRANTED**. Accordingly, FDSET is **RELIEVED** of any further obligation in connection with Defendant's compassionate release motion and the Court accepts Defendant's pro se Reply [Doc. 1067] as timely filed. As discussed below, Defendant's motion for compassionate release will be **DENIED**.

## I. BACKGROUND

[1] Standing Order 21-09 provides, in relevant part, that the FDSET is "appointed to represent each defendant who files a pro se motion under section 3582(c)(1)(A), who requests counsel for filing such a motion, or who contacts FDSET about filing such a motion, if FDSET determines the motion would not be frivolous."

In December 2021, a federal jury found Defendant guilty of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; twenty-two counts of mail fraud, in violation of 18 U.S.C. § 1341; and one count of felony misbranding, in violation of 21 U.S.C. § 331(a). [Doc. 663; Doc. 894 at 1]. At sentencing, Defendant's guideline range was 324 to 405 months' imprisonment. [Doc. 895 at 1]. However, the Court sentenced Defendant to a lesser sentence of 168 months. [Doc. 894 at 2]. His projected release date is in March 2033. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed September 4, 2026).

Defendant now moves for compassionate release based on his family circumstances. [Doc. 1056 at 6]. The United States opposes the motion on the grounds that Defendant has not established an extraordinary and compelling reason for his release and a sentence reduction is not consistent with the factors under 18 U.S.C. § 3553(a). [Doc. 1064 at 3, 5].

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), a district court is authorized to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[2]

[2] Before requesting compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier."

## III. DISCUSSION

As an extraordinary and compelling reason for a sentence reduction, Defendant cites his desire to serve as caregiver to his elderly, ailing parents. [Doc. 1056 at 6]. Defendant asserts that his mother, who is seventy-five years old, suffers from worsening cognitive impairment that causes her to "struggle greatly with basic daily tasks," as well as uncontrolled diabetes, Crohn's disease, obesity, rheumatoid arthritis, depression, and other ailments. [*Id.*]. Further, she "relies on a walker, but still stumbles and falls frequently" and suffers from incontinence. [*Id.* at 6–7]. According to Defendant, his father, who is eighty years old, "is doing everything he can to care for her" but is "overwhelmed" and suffering from his own health concerns. [*Id.* at 7]. As a physician who speaks fluently in his parents' native language of Arabic, Defendant believes that he is uniquely qualified to understand and care for his parents' medical needs. [Doc. 1056 at 7].

In support of his motion, Defendant provides letters from his mother's primary care physician and gastroenterologist, and one of her medical records from 2025. [Doc. 1057-2]. These exhibits corroborate Defendant's description of his mother's medical condition. Defendant does not provide any medical records concerning his father.

Generally, having a sick or aging parent is not an extraordinary circumstance that warrants compassionate release. *United States v. Daniels*, No. 3:19-CR-00204, 2022 U.S. Dist. LEXIS 8499, at *9 (M.D. Tenn. Jan. 18, 2022) ("[M]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." (punctuation modified)). However, a defendant may establish an extraordinary reason for release when his parent is incapacitated and the defendant would be the only available caregiver. USSG § 1B1.13(b)(3)(C). Here, Defendant

*United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Defendant shows that he satisfied the exhaustion requirement in this case. [*See* Doc. 1057-1].

has not provided any medical documentation regarding his father. He does show that his mother suffers from declining physical and cognitive abilities, which have significantly impacted her ability to perform daily tasks. And unfortunately, her condition seems to be worsening. But Defendant has not established that his mother is, at this time, incapacitated. *See United States v. Sharp*, No. 3:09-CR-00072-TAV-DCP-1, 2025 LX 174881, at *7–8 (E.D. Tenn. June 10, 2025) (explaining that typically, "incapacitated" means that the parent is "completely disabled," unable to "carry on any self-care," or "totally confined to a bed or chair" (internal quotation marks omitted)).

Moreover, Defendant has not shown that he is the only available caregiver. In his motion, Defendant alleges that his parents have "no one to care for them." [Doc. 1056 at 7]. But he does not corroborate that claim. Indeed, according to Defendant, his father is currently serving as his mother's caregiver, albeit with difficulty. And based on the record, it appears that Defendant has a brother living in the same city as his parents. [Doc. 741 ¶ 63]. As the United States points out, Defendant has not shown that his brother is unavailable to take on the caregiver role. [Doc. 1064 at 5].[3]

The Court does not doubt that Defendant could provide his parents with valuable assistance if he were released. And the Court sympathizes with Defendant's concern for their well-being. But Defendant has not shown that either of his parents is incapacitated or that he is the only available caregiver. Accordingly, the Court does not find that Defendant's desire to serve as caregiver is an extraordinary and compelling reason for a sentence reduction.

---

[3] In his Reply, Defendant seems to fault the United States for not showing that his brother *is* available and possesses the necessary skills to serve as caregiver. [Doc. 1067 at 3–6]. However, that is not the United States's burden. Defendant has the burden to show that another caregiver is *not* available. *See United States v. Mathews*, No. 2:19-CR-00041, 2023 U.S. Dist. LEXIS 162070, at *6 (S.D. Ohio Sep. 12, 2023) ("Courts have placed the burden on the defendant to prove that other potential caregivers are not available or suitable."). Notably, even in his Reply, Defendant does not claim that his brother is unable to act as a caregiver for their parents.

Because Defendant has not established an extraordinary and compelling circumstance, the Court need not reach the § 3553(a) factors. *See Elias*, 984 F.3d at 519.

## IV. CONCLUSION

As stated above, Defendant's motion for substitution [Doc. 1066] is **GRANTED**. However, for the foregoing reasons, his motion for compassionate release [Doc. 1056] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE